UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Molly Crane,<br>Individually And On Behalf Of All<br>Other Persons Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>Sexy Hair Concepts, LLC, and Ulta Salon<br>Cosmetics & Fragrance, Inc.<br><br>*Defendant*s. | C.A. No. |

# COMPLAINT

Plaintiff Molly Crane alleges for her complaint the following.

## Preliminary Statement

1. Plaintiff brings this action on behalf of herself and all others similarly situated to obtain monetary and other appropriate relief for herself and members of the Class (defined below) as a result of the unlawful acts of Defendants.

2. Defendant Sexy Hair Concepts, LLC ("Sexy Hair") manufactures and distributes, hair care products, including shampoos and conditioners, under the brand name "sexy hair". Defendant Ulta Salon Cosmetics & Fragrance, Inc. ("Ulta") sells "sexy hair" hair care products in stores and on line. Plaintiff purchased a shampoo named Healthy Sexy Hair Sulfate-Free Soy Moisturizing Shampoo that was manufactured by Sexy Hair and sold by Ulta. The container represent in large type that the shampoo was "sulfate-free", and free of salt. However, according to the long list of ingredients printed in very small type on the back side of the container, the shampoo contained sodium sulfate, and salt (sodium chloride).

1

3. Defendants have thus been misrepresenting this shampoo and deceiving their customers, including Plaintiff and numerous other consumers.

## Parties

4. Plaintiff Molly Crane is a resident of Quincy, Massachusetts.

5. Defendant Sexy Hair is a limited liability company with its principal place of business in Chatsworth, California.

6. Defendant Ulta Salon Cosmetics & Fragrance, Inc. ("Ulta") is a corporation with its principal place of business in Bolingbrook, Illinois that operates numerous stores throughout the United States, including 12 stores in the Commonwealth of Massachusetts.

## Jurisdiction and Venue

7. This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a).  The Court also has jurisdiction pursuant to 28 U.S.C. §1332(d).

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the conduct complained of herein occurred in this District.

## Factual Allegations

9. Sexy Hair is a beauty products company that manufactures hair products and distributes them throughout the United States through distributors, retailers and salons, as well as online.

10. Plaintiff purchased a container of Healthy Sexy Hair Sulfate-Free Soy Moisturizing Shampoo manufactured by Sexy Hair from a retail store owned and operated by Ulta in Braintree, Massachusetts on July 22, 2016.

11. The container stated prominently in large print that it was "Sulfate-Free" and "Free of Salt".  A picture of the container purchased by Plaintiff is below.



12. Plaintiff read the notice on the container that it was sulfate and salt free and purchased the shampoo thinking it would be good for her hair.

13. After using the shampoo, Plaintiff did not like the results. She studied the ingredients list in small type on the back side of the container and discovered that it contained sulfates and salt.

14. In much smaller print, the ingredients listed on the back of the container included sodium sulfate, sodium chloride (the chemical term for salt) and ammonium chloride, which is also a salt.

15. The prominent labeling on the front of the container representing the product was sulfate-free and free of salt is false and misleading.

16. Plaintiff has been economically injured by the misrepresentations that the shampoo she purchased was sulfate-free and salt free. Plaintiff would never have purchased the shampoo had she been aware that it contained sulfates and salt.

## Class Action Allegations

17. Plaintiff re-alleges and incorporates the allegations contained in the paragraphs above.

18. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 and Chapter 93A, Section 9(2) on behalf of herself and a Massachusetts Class consisting of:

> All persons who have purchased Sexy Hair hair care products in Massachusetts that were labeled sulfate-free and/or salt free, but contained sulfates and/or salt.

19. Plaintiff also brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and a National Class consisting of:

> All persons in the United States who have purchased Sexy Hair hair care products that were labeled sulfate-free and/or salt free, but contained sulfates and/or salt.

20. Plaintiff reserves the right to amend the definition of the Massachusetts Class and/or the National Class.

21. This action is properly maintainable as a class action.

22. The the members of the Massachusetts Class are thus so numerous that joinder of all members is impractical.

23. The members of both Classes are so numerous that joinder of all members is impractical.

24. Common questions of law and fact exist as to all members of the Massachusetts Class and the National Class and predominate over any questions solely affecting individual members of the Classes. Among the questions of law and fact common to the Classes are:

(a) Whether Sexy Hair hair care products were sold with the labels sulfate-free and/or salt free;

(b) Whether the hair care products so labeled in fact contained sulfates and/or salt;

(c) Whether, how, and when Defendants disclosed that the hair care products contain sulfates and /or salt.

(d) Whether Defendants' conduct alleged herein constituted unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Chapter 93A, Section 2;

(e) Whether the members of the National Class are entitled to damages for unjust enrichment; and

(f) The proper measure of damages.

25. Plaintiff's claims are typical of the claims of the members of both Classes because, like Plaintiff, each member purchased Sexy Hair hair care products that were mislabeled as alleged herein.

26. Plaintiff will fairly and adequately protect the interests of the members of the Classes and has retained counsel who have extensive experience prosecuting consumer class actions and who, with Plaintiff, are fully capable of, and intent upon, vigorously pursuing this action. Plaintiff does not have any interest adverse to the Classes.

27. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Furthermore, the damage that has been suffered by any individual Class member is likely not substantial, and the expense and burden of individual litigation would make it impracticable for all members of the Classes to redress the wrongs done to them individually. There will be no difficulty in the management of this action as a class action.

28. The prosecution of separate actions against Defendants would create a risk of inconsistent or varying adjudications with respect to the individual Class members which could establish incompatible standards of conduct for Defendants. In addition, adjudications with respect to individual members of the Classes could, as a practical matter, be dispositive of the interests of the other members of the Classes not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

29. The members of the Classes are readily identifiable through Defendants' and other records, and Plaintiff is a member of the Classes.

30. Defendants have acted on grounds generally applicable to the Classes with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Classes as a whole.

## COUNT I

(Violation of Chapter 93A)

31. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

32. At all relevant times, Defendants were engaged in trade or commerce within the Commonwealth of Massachusetts, including the trade or commerce of selling, or causing to be sold, the hair care products at issue within the Commonwealth of Massachusetts.

33. By conducting the unfair and deceptive branding efforts described above, Defendants have engaged in unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Chapter 93A, Section 2.

34. Moreover, by engaging in the conduct described above, Defendants violated at least the following General Regulations of the Massachusetts Attorney General:

   a. 940 C.M.R. 3.02(2), which states:

   > No statement or illustration shall be used in any advertisement which creates a false impression of the grade, quality, make, value, currency of model, size, color, usability, or origin of the product offered, or which may otherwise misrepresent the product in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised product to another.

   b. 940 C.M.R. 3.05(1), which states:

   > No claim or representation shall be made by any means concerning a product which directly, or by implication, or by failure to adequately disclose additional relevant information, has the capacity or tendency or effect of deceiving buyers or prospective buyers in any material respect. This prohibition includes, but is not limited to, representations or claims relating to the construction, durability, reliability, manner or time of performance, safety, strength, condition, or life expectancy of such product, or financing relating to such product, or the utility of such product or any part thereof, or the ease with which such product may be operated, repaired, or maintained or the benefit to be derived from the use thereof.

   c. 940 C.M.R. 3.16(1)-(2), which make any act or practice a violation of Chapter 93A, Section 2 (and thus Section 9) if:

   > (1) It is oppressive or otherwise unconscionable in any respect; or
   >
   > (2) Any person or other legal entity subject to this act fails to disclose to a buyer or prospective buyer any fact, the disclosure of which may have

        influenced the buyer or prospective buyer not to enter into the transaction . . . .

   d. 940 C.M.R. 6.03(2), which states:

        Sellers shall not use advertisements which are untrue, misleading, deceptive, fraudulent, falsely disparaging of competitors, or insincere offers to sell.[1]

   e. 940 C.M.R. 6.04(1)-(2), which state:

        (1) Misleading Representations. It is an unfair or deceptive act for a seller to make any material representation of fact in an advertisement if the seller knows or should know that the material representation is false or misleading or has the tendency or capacity to be misleading, or if the seller does not have sufficient information upon which a reasonable belief in the truth of the material representation could be based.

        (2) Disclosure of Material Representations. It is an unfair or deceptive act for a seller to fail to clearly and conspicuously disclose in any advertisement any material representation, the omission of which would have the tendency or capacity to mislead reasonable buyers or prospective buyers. . . .

35. Further, Defendants' violation of the regulations enumerated above constitute violations of Chapter 93A, Section 2(a) because regulations promulgated by the Massachusetts Attorney General under Chapter 93A, Section 2(c) provide that any act or practice violates Chapter 93A, Section 2 if "[i]t fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public's health, safety, or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide the consumers of this Commonwealth protection…" 940 C.M.R. 3.16(3).

36. The violations of Chapter 93A by Defendants' as described herein were done willfully, knowingly, and in bad faith.

37. As a direct and proximate result of Defendants' conduct, Plaintiff and the members of the Massachusetts Class were harmed.

---

[1] "An unfair or deceptive representation may result not only from direct representations and the reasonable inferences they create, but from the seller's omitting or obscuring a material fact." 940 C.M.R. 6.03(4).

38. Plaintiff sent Defendants written demand for relief pursuant to Chapter 93A, Section 9, identifying the claimant and reasonably describing the unfair acts or practices relied upon and the injuries suffered, on November 18, 2016.

39. As a result of Defendants' violation of Chapter 93A, Defendants are liable to Plaintiff and the Massachusetts Class for up to three times the damages that Plaintiff and the Massachusetts Class incurred, or at the very least the statutory minimum award of $25 per purchase of a hair care product as alleged herein, together with all related court costs, attorneys' fees, and interest.

## **COUNT II**

(For Unjust Enrichment)

40. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

41. This Count is pled on behalf of Plaintiff and the National Class.

42. Defendants were unjustly enriched by the false and deceptive marketing of hair care products as alleged herein.

43. Plaintiff and the members of the National Class were damaged by their purchases of hair care products that were falsely labeled.

## **Prayers for Relief**

WHEREFORE, Plaintiff prays for relief in the form of an order as follows:

1. Allowing this action to proceed as a class action under Federal Rule of Civil Procedure 23 and Chapter 93A, Section 9(2);

2. Awarding Plaintiff and members of the Classes monetary damages;

3. Awarding Plaintiff and members of the Massachusetts Class up to three times their damages, or in the alternative statutory damages, together with interest and costs;

9

4. Awarding counsel for the Plaintiff and the Classes their reasonable attorneys' fees and expenses;

5. Enjoining Defendants from using false and deceptive marketing, branding, and labeling as described herein; and

6. Awarding such other and further relief which the Court finds just and proper.

## Jury Demand

Plaintiff demands a trial by jury on all claims so triable.

Dated: February 23, 2017                            By her attorneys,

/s/ Thomas G. Shapiro
Thomas G. Shapiro (BBO # 454680)
Ian J. McLoughlin (BBO # 647203)
**SHAPIRO HABER & URMY LLP**
Seaport East
Two Seaport Lane, Floor 6
Boston, MA 02210
(617) 439-3939 – Telephone
(617) 439-0134 – Facsimile
tshapiro@shulaw.com
imcloughlin@shulaw.com

Kenneth D. Quat (BBO # 408640)
**QUAT LAW OFFICES**
929 Worcester Rd.
Framingham MA 01701
508-872-1261
ken@quatlaw.com