UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MOLLY CRANE, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEXY HAIR CONCEPTS, LLC, and ULTA SALON COSMETICS & FRAGRANCE, INC.,<br><br>Defendants. | Civil Action No. 17-cv-10300-FDS |

## PROTECTIVE AND FED. R. EVID. 502 ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502, the undersigned Parties respectfully request the Court to endorse this Protective Order as an Order of the Court ("**Order**"). As grounds for this request, the Parties state that the entry of this Order is (1) necessary to protect the Parties' confidential information that may be produced or otherwise disclosed during this litigation; (2) necessary to protect highly confidential business information from disclosure between the two defendants, who are a manufacturer and retailer and are in a commercial relationship with each other; and (3) necessary to protect attorney-client privileged information and attorney work product to the extent it is inadvertently produced or otherwise disclosed during this litigation. This Order is meant to apply to the Parties and any third party in this litigation and in any other state or federal proceeding as set forth in Federal Rule of Evidence 502(d) and (e).

## DEFINITIONS

1. **"Confidential Information"** means all information designated as being confidential (as set forth below) that is produced, provided, or made available in the course of formal or informal discovery or other proceedings in this action, including, but not limited to: (a) documents, tangible things, and electronically-stored information (**"Documents"**); (b) responses to interrogatories, responses to requests to admit, or other written responses to discovery; (c) answers, information, and testimony provided during the course of depositions, hearings, or at trial, including the transcripts of such depositions, hearings, and trial, or (d) information provided to this Court through motion practice or otherwise.

2. **"Attorneys' Eyes Only"** means all Confidential Information designated as being for attorneys' eyes only (as set forth below).

3. **"Permitted Expert"** means an expert or consultant who is retained or used by a Party in this action or the Party's counsel to assist counsel in connection with counsel's work in this action or to provide testimony in this action.

## DESIGNATING CONFIDENTIAL INFORMATION

3. **Criteria for Designation.** A Party may designate information as Confidential Information if the Party making such designation reasonably believes that the information embodies or contains: (a) competitive or confidential business information; (b) non-public financial information; (c) non-public product information; (d) non-public personal information; (e) information that is otherwise required to be maintained as confidential pursuant to an agreement or court order; or (f) other information the disclosure of which would, in the good faith judgment of the Party designating the material as confidential, cause injury to the disclosing person's or entity's competitive position. A Party may designate Confidential Information as

Attorneys' Eyes Only if the Party making such designation reasonably believes that the information embodies or contains extremely sensitive trade secrets or non-public confidential and/or proprietary business, commercial or financial information and which only should be shared between counsel.

4. **Method for Designation.** A Party may designate information as Confidential Information and/or Attorneys' Eyes Only by the following means:

    (a). <u>Documents Produced By A Party Or A Non-Party</u>: A Party shall mark the first page of any Document containing Confidential Information with the legend "**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**" or "**ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER**" and any page containing such information with the same legend. Disks or drives produced with electronically stored information shall be so labeled as well. A producing Party may designate Documents as such prior to production. A receiving Party shall treat all Documents as Attorneys' Eyes Only for 7 calendar days after they are served on the receiving Party. Thereafter, such Documents will not be deemed Confidential or Attorneys' Eyes Only unless a receiving Party designates such Documents as such within that same 7 calendar day period. Such retroactive designation shall be made in writing and it shall be the obligation of the designating Party to provide the other Party with a revised copy of the information being retroactively designated containing the proper confidentiality designations. Upon receipt, the non-designating Party shall destroy all undesignated copies of such Documents (except for

any original versions maintained by that Party prior to production, provided, however, that the non-designating Party shall only use the retroactively designated copies for the purposes of this litigation).

(b). <u>Responses To Interrogatories, Responses To Requests To Admit, Or Other Written Responses To Discovery</u>: A Party shall mark the first page of any written response to discovery containing Confidential Information with the legend "**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**" or "**ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER**" and any page containing such information with the same legend. Also, a responding Party shall treat all written responses to discovery as Attorneys' Eyes Only for 7 calendar days after they are served on the receiving Party. Thereafter, such Documents will not be deemed Confidential or Attorneys' Eyes Only unless a receiving Party designates such Documents as such within that same 7 calendar day period. Such retroactive designation shall be made by serving written notice on the responding Party identifying the specific responses for which confidentiality is claimed. The responding Party shall take necessary steps to ensure that its versions of the responses are revised to reflect the new designation.

(c). <u>Answers, Information, And Testimony Provided In The Course Of Depositions, Hearings, Or Trial, Including The Transcripts Of Such Proceedings</u>:

    (i). All testimony and exhibits shall be treated as Attorneys' Eyes Only

until 7 calendar days after the final transcript is received from the court reporter. Thereafter, such testimony and exhibits will not be deemed Confidential or Attorneys' Eyes Only unless a receiving Party designates such testimony and exhibits as such within that same 7 calendar day period. Such retroactive designation shall be made by serving written notice upon all other Parties and the court reporter identifying the specific portions of the transcript, by page and line reference, and exhibits for which confidentiality is claimed. After any such designation, counsel for all the Parties shall be responsible for marking the designated material in all previously unmarked copies of transcripts and exhibits as containing Confidential Information or as Attorneys' Eyes Only as set forth above.

(ii). During the taking of testimony (or during oral argument), only persons who are permitted recipients of Confidential Information will be permitted to be in the room while such testimony is being taken and exhibit is being proffered.

(iii). Any court reporter or videographer who transcribes or videotapes testimony in this action shall be required to agree, before transcribing or videotaping any such testimony, that all information designated Confidential Information or Attorneys' Eyes Only shall not be disclosed except as provided in this Order, and that copies of any transcript, reporter's notes, videotapes, or

any other transcription records of any such testimony will be retained in absolute confidence and safekeeping by such reporter or videographer or shall be delivered to an attorney of record or filed under seal with the Court. The Party taking the testimony shall be responsible for notifying any court reporter or videographer of these obligations.

5. If a receiving Party, at any time, wishes to have the designation of any particular Confidential Information or any Attorneys' Eyes Only designation removed or changed, that Party shall first request, in writing, that the designating Party change its designation and the receiving Party shall provide the reasons therefor in detail. Thereafter, the challenging Party and the designating Party shall make good-faith efforts to resolve the dispute. If the designating Party refuses to agree to remove or change the designation, then the challenging Party may file a motion with the Court for an order removing or changing the designation; provided, however, that the designating Party shall have the burden of proving that such particular Confidential Information is properly designated as Confidential Information and such Attorneys' Eyes Only information is properly designated as Attorneys' Eyes Only. At all times during the process of challenging a designation, the Parties shall treat the Confidential Information and Attorneys' Eyes Only information as originally designated until the Parties agree upon or the motion is decided by the Court and written notice of such decision is served on the Parties.

### USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION

6. The Parties shall use Confidential Information only for the purpose of this litigation.

7. Any Party filing with the Court any motion, brief, exhibit, or other document in this action that incorporates, contains, or discloses the contents of Confidential Information shall follow Local Rule 7.2 with respect to seeking leave to impound the Confidential Information prior to filing any such information. Any Party intending to file Confidential Information shall file a motion to impound no later than 5 business days prior to filing the Confidential Information, except if the circumstances underlying the motion would not allow for such advance filing. In the event the Court does not rule upon a motion to impound prior to any deadline for any document to be filed with the Court, that deadline will be extended automatically to 3 business days following the Court's ruling on the motion to impound. In the event a Party intends to file Confidential Information designated as such by any Party other than the filing Party, the filing Party has no obligation to vouch for the propriety of the designation of such material as Confidential Information or to vouch for the propriety of impounding any such material. The Party that designated such material as Confidential Information may file additional papers in support of any motion to impound if it so chooses. In the event the Court grants a motion to impound, any motion, brief, or other document filed under seal that contains any Confidential Information shall contain the designation "**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**" on the first page of the document, as well as on every other page on which Confidential Information appears. Notwithstanding the requirements set forth in this order and the requirements under Local Rule 7.2, in the event a Party must file any documents containing Confidential Information on an emergency basis, the Party may file materials containing Confidential Information under seal before the Court's ruling on a motion to impound so long as that Party files at the same time a motion to impound that sets forth the grounds for impounding Confidential Information on an emergency basis.

8. Confidential Information shall be disclosed only to the following persons and entities and shall be limited to the disclosure reasonably necessary for such person's or entity's activities in connection with this litigation:

(a). The Court and Court personnel as it becomes necessary during the course of the litigation or as is allowed or directed by the Court (in the manner provided for by Local Rule 7.2), as well as any mediator or settlement judge that may be retained by the Parties or appointed by the Court;

(b). Outside litigation support providers retained by counsel for the Parties, such as electronic discovery, graphics services, and trial technology providers, photographers, videographers, and similar support providers, all of whom shall use such information solely for purposes of this litigation and all of which shall execute the Designation and Agreement described below in Paragraph 11 prior to receiving any Confidential Information;

(c). The Parties and their employees who have a need to know of such information;

(d). In-house or outside attorneys for the Parties, and those attorneys' respective employees;

(e). Certified court reporters and videographers transcribing or filming depositions or testimony involving such Confidential Information as well as translators working for or on behalf of a Party;

(f). Permitted Experts who have signed the Declaration and Agreement described in Paragraph 11 below, their employees, assistants, and clerical personnel; and

(g). Non-party witnesses who may be examined and may testify concerning such Confidential Information if it appears on its face or from other documents that the

witness is the author or recipient of such Confidential Information and the non-party has signed the Declaration and Agreement described in Paragraph 11 below.

9. Information designated as Attorneys' Eyes Only shall be disclosed only to the following persons and entities and shall be limited to the disclosure reasonably necessary for such person's or entity's activities in connection with this litigation:

(a). The Court and Court personnel as it becomes necessary during the course of the litigation or as is allowed or directed by the Court (in the manner provided for by Local Rule 7.2), as well as any mediator or settlement judge that may be retained by the Parties or appointed by the Court;

(b). Outside litigation support providers retained by counsel for the Parties, such as electronic discovery, graphics services, and trial technology providers, photographers, videographers, and similar support providers, all of whom shall use such information solely for purposes of this litigation and all of which shall execute the Designation and Agreement described below in Paragraph 11 prior to receiving any Confidential Information;

(c). The Plaintiff, Molly Crane, to the extent that disclosure to Plaintiff is necessary to advise Ms. Crane in connection with her duties as the proposed representative of the putative classes in this case (for clarity, Attorneys' Eyes Only materials designated as such by either defendant will not be disclosed to the other defendant, other than in-house or outside attorneys as set forth in subparagraph (d) below);

(d). In-house or outside attorneys for the Parties, and those attorneys' respective employees;

(e). Certified court reporters and videographers transcribing or filming depositions or testimony involving such Confidential Information as well as translators working for or on behalf of a Party;

(f). Permitted Experts who have signed the Declaration and Agreement described in Paragraph 11 below, their employees, assistants, and clerical personnel; and

(g). Non-party witnesses who may be examined and may testify concerning such Confidential Information if it appears on its face or from other documents that the witness is the author or recipient of such Confidential Information and the non-party has signed the Declaration and Agreement described in Paragraph 11 below.

10. Notwithstanding anything to the contrary in Paragraphs 8 and 9 above, Confidential Information may be disclosed and copies may be provided to persons who counsel reasonably believes authored the information to be disclosed or received the information to be disclosed prior to its production in this litigation and any other persons with the prior authorization of the Court.

11. Disclosure of Confidential Information to service providers, Permitted Experts, mediators, settlement judges, and non-party witnesses is appropriate only after such persons have signed the following "**Declaration and Agreement**" ("Declarant"), which shall be set forth on a document containing the caption of this litigation and the original or a copy of which is retained by counsel who facilitates disclosure of the information to such persons:

### Declaration and Agreement

I, _____, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am employed by _____ in the capacity of _____.

2. I have read the Protective Order ("**Court Order**") entered in the above-captioned case, *Crane v. Sexy Hair Concepts, LLC*, Case No. 1:17-cv-10300-FDS.

3. I agree to be bound by the Court Order, and I agree not to disclose information protected by the Court Order to any person not authorized to receive that information.

4. I consent to the jurisdiction of the United States District Court in the District of Massachusetts for enforcement of the Court Order and this Declaration and Agreement and waive any and all objections to jurisdiction and venue.

5. I understand that I may be subject to contempt or other sanctions for the failure to obey the Court Order.

6. I will use information deemed to be or designated as Confidential Information under the Court Order exclusively for my activities, work, or testimony in connection with this litigation.

7. When I am informed that this litigation is concluded, I will return all Confidential Information in my possession, custody, or control to the person who furnished the information or to counsel in this action or will destroy such information, as counsel may instruct.

[If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)".]

[If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".]]

12. Once a Declarant terminates his or her services in this litigation, he or she shall return all Confidential Information to the Party that retained him or her. Upon termination, the Declarant will no longer be allowed access to Confidential Information unless he or she executes a new Declaration and Agreement.

13. Within 14 calendar days after the final conclusion of all aspects of this litigation, including any and all appeals, counsel retaining executed Declarations and Agreements shall be responsible for notifying all Declarants that the litigation has ended and instruct those Declarants to return all Confidential Information in their possession, custody, or control to the person or

entity who furnished the information or to counsel in this action or to destroy such information, as counsel may instruct. Notwithstanding the foregoing, counsel shall be entitled to retain a copy of any and all Confidential Information as may be required by the applicable Rules of Professional Conduct.

### INADVERTENT PRODUCTION/FEDERAL RULE OF EVIDENCE 502

14. If any attorney-client privileged information or work product is disclosed inadvertently, such disclosure shall not operate as a waiver in this action so long as the producing Party takes reasonable steps to rectify the error, including, if applicable, following Federal Rule of Civil Procedure 26(b)(5)(B). Among other things, the *producing* Party shall notify the receiving Party in writing and identify the privileged or protected material by Bates designation or other identifiable description. If no dispute exists with respect to the privileged nature of the inadvertently produced materials, within seven (7) business days of the receipt of such notice, each other Party shall return to the producing Party or destroy all such privileged discovery material and copies thereof identified in the written notice that are in its possession, and shall make reasonable efforts to reclaim and return any such discovery material and information. The Party that has inadvertently produced or disclosed such information shall, within fourteen (14) days after such material is returned to it or destroyed, provide a privilege log identifying the discovery material and the basis for the claim of privilege such that the nonproducing party is able to challenge the producing party's claim that the discovery materials are privileged or otherwise protected. In the event only portions of the inadvertently produced materials contain privileged subject matter, the producing Party, within fourteen (14) days of notifying the other parties of the inadvertent production, produce redacted versions of the materials at issue. If any Party believes in good faith that the inadvertently produced materials at issue are not subject to

the work-product privilege, attorney-client privilege or other legal privilege protecting the material from discovery, that party shall, within fourteen (14) days of receiving notice of inadvertent production, object in writing to the producing Party's claim of protection and identify the material to which the objection applies. The producing Party and objecting Party shall meet and confer to try and resolve the dispute within fourteen (14) days of service of the written objection. If the dispute cannot be resolved, the objecting Party shall contact the Court and the producing Party to seek an *in camera* review of the materials in question for resolution by the Court. While any objection is being resolved, the receiving Parties shall segregate the materials at issue and make no use of them until the claimed protection and objection have been resolved. Also, in the event a *receiving* Party believes that the producing Party inadvertently produced privileged or protected material, the receiving Party shall notify the producing Party in writing and identify the suspected privileged or protected material by Bates number or other identifiable description within 5 business days of such discovery. Once the receiving Party believes that there has been an inadvertent disclosure, the receiving Party must refrain from viewing such material or using such material in any way and must follow the producing Party's reasonable instructions regarding the disposition of the material. To the extent there is a disagreement regarding the proper disposition of the material, the receiving Party shall continue to refrain from using the material unless and until the Court makes a determination as to its proper disposition.

15. <u>The provisions of Paragraph 14 above specifically apply to meta data produced by the Parties – inadvertently or otherwise.</u>

16. The production of any information by a Party in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other state or federal court or administrative proceeding, constitute a waiver by either Party of any privilege applicable to that

information, including the attorney-client privilege and the work product doctrine, as to the information produced or as to the subject matter thereof.

### MISCELLANEOUS PROVISIONS

17. Nothing herein shall prohibit a reference to or summary of Confidential Information in briefs, motions or memoranda of facts or law filed in this action; provided, however, that the reference to or summary of such Confidential Information must be classified as and treated as Confidential Information as set forth herein.

18. This Order shall survive the termination of this litigation and the protection afforded by this Order shall remain in effect until limited or terminated by the Parties or the Court.

19. Within 60 calendar days of final conclusion of all aspects of this litigation, including any and all appeals, each Party possessing Confidential Information designated as such by the other Party will destroy the Confidential Information, maintain it in a manner consistent with the terms of this Order, or return it to the appropriate counsel, as counsel requests. Each Party must deliver to the disclosing Party's counsel a certification that the Party has complied with the terms of this Order or explain why it has not done so. Notwithstanding the above, counsel for all Parties may maintain for their files copies of all pleadings and litigation documents filed with the Court, and each written discovery request and response thereto. Further, nothing in this paragraph shall require any party to destroy attorney work product or attorney-client communications that contain or reflect Confidential Information, and nothing in this paragraph shall require any party to search for and destroy any electronic mail that contains or reflects Confidential Information, including as an attachment, provided the party has taken precautions to protect the confidentiality and security of its electronic mail system.

20. If Confidential Information in the possession, custody, or control of a Party in this action is subpoenaed, requested or demanded in another action or proceeding, the Party in possession, custody, or control of the Confidential Information shall object to production of the Confidential Information by setting forth the existence of this Order. A Party shall also give prompt written notice of such subpoena, request, or demand to the appropriate Party that asserted the information was Confidential Information. Neither the provisions of this Order, nor any designation or failure to designate any particular information as Confidential Information under this Order, shall constitute a waiver of a Party's assertion of confidentiality with respect to any information in any other action or proceeding. Provided that the Party seeking to maintain the confidentiality of the information has taken the necessary steps to prevent, through judicial process, production of the documents sought, the Party that possesses such documents shall not produce in the other action any documents produced as Confidential Information in this Litigation until the motion to quash or analogous proceeding has been resolved.

21. If any information that a producing Party claims is Confidential Information or Attorneys' Eyes Only is inadvertently disclosed to a receiving Party without being properly designated as Confidential Information or as Attorneys' Eyes Only, the designating Party may notify the receiving Party that such Confidential Information was inadvertently not designated, provided the producing Party gives such notice in writing as soon as reasonably possible after becoming aware that the Confidential Information was not properly designated. Such written notice shall identify with specificity the information the designating Party is then designating to be Confidential Information or Attorneys' Eyes Only. If the designating Party gives such written notice as provided above, its claims of confidentiality shall not be deemed to have been waived by its failure to designate properly the information as Confidential Information or as Attorneys'

Eyes Only prior to disclosure. Upon receipt of written notice as provided for herein, the receiving Party shall mark the original and all known copies of the information with the proper designation. In addition, the receiving Party shall use its best efforts to ensure that the information that was inadvertently disclosed is thereafter restricted to only those persons entitled to receive Confidential Information under the terms set forth herein.

22. No Party shall be obligated to challenge the appropriateness of any confidentiality designation, or Confidential Information by another Party, and the failure to do so shall not constitute a waiver or otherwise preclude a challenge to the designation in another or subsequent matter or action. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Confidential Information. The fact that information is marked with a confidentiality designation under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. The fact that any information is disclosed, used, or produced in any court proceeding with a confidentiality designation shall not be offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

23. Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply, or shall cease to apply, to any information that:

(a). At the time of disclosure hereunder was already lawfully in the possession of the receiving Party and was not acquired under any obligation of confidentiality; or

(b). At the time of disclosure hereunder was, or subsequently becomes, through no fault of the receiving Party, a public document or publicly available.

24. Nothing in the provisions of this Order shall prevent a designating Party from using its own Confidential Information in any manner such designating Party desires subject to any other Party's rights who has an interest in the documents.

25. This Order shall be without prejudice to the right of any Party to oppose production of any information on any ground allowed under the Federal Rules of Civil Procedure or admission of such information under the Federal Rules of Evidence.

26. This Court retains jurisdiction even after termination of this action to enforce this Order and to make such deletions from or amendments, modifications, and additions to the Order, as stipulated by the Parties and as the Court may deem appropriate from time to time. Any Party for good cause may apply, before or after termination of this action, to the Court for a modification of this Order.

*[This space intentionally left blank.]*

27. The Parties shall make every reasonable effort to act in good faith to limit and curtail the volume of information, documents, things, testimony or other materials designated by them as Confidential Information or as Attorneys' Eyes Only; shall use their best efforts to act in good faith to separate out and segregate documents, things and other materials containing Confidential Information from those that do not contain Confidential Information; shall use their best efforts to act in good faith to limit the number of persons to whom Confidential Information is to be disclosed; and shall confer with each other in good faith for the purpose of attempting to limit and curtail the volume of information and materials to be so designated.

Respectfully submitted,

| | |
|---|---|
| /s/ *Patrick J. Vallely* | /s/ *David G. Thomas* |
| Patrick J. Vallely (BBO #663866) | David G. Thomas (BBO #640854) |
| Shapiro Haber & Urmy LLP | Michael E. Pastore (BBO #669692) |
| Seaport East | Alyssa C. Scruggs (BBO #688436) |
| Two Seaport Lane, 6th Floor | GREENBERG TRAURIG, LLP |
| Boston, MA 02210 | One International Place |
| (617) 439-3939 | Boston, Massachusetts 02110 |
| pvallely@shulaw.com | (617) 310-6000 |
| | (617) 310-6001 Fax |
| Attorney for Plaintiff | thomasda@gtlaw.com |
| | pastorem@gtlaw.com |
| | scruggsa@gtlaw.com |
| Dated: February 5, 2018 | Attorneys for Defendants |

**SO ORDERED:**

/s/ F. Dennis Saylor IV

United States District Court Judge

Dated: February 16, 2018