# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **MOLLY CRANE, Individually and on Behalf of All Other Persons Similarly Situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SEXY HAIR CONCEPTS, LLC, and ULTA SALON COSMETICS & FRAGRANCE, INC.,**<br>        **Defendants.** | **Case 1:17-cv-10300** |

### ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT, CERTIFYING THE CLASS, AND AUTHORIZING CLASS NOTICE

Plaintiff Molly Crane ("Plaintiff"), on behalf of herself and the Class, and defendants Sexy Hair Concepts, LLC ("SHC") and Ulta Salon Cosmetics & Fragrance, Inc. ("Ulta")(collectively "Defendants")[1] have agreed to a settlement of the class action claims asserted in this action by Plaintiff against Defendants,[2] the terms and conditions of which are set forth in an executed Settlement Agreement and Release that was filed with this Court on November 14, 2018 (the "Settlement"). The Parties reached the Settlement through arms-length negotiations following private mediation. Under the Settlement, and subject to Court approval, the Plaintiff and the Class would fully and finally release all claims asserted in this Action against the Defendants in exchange for Defendants' payment of the sum of $2,330,000.00 into a common fund for the benefit of the

---

[1] Ulta consents to the Settlement and has agreed to provide the information required of ¶14 of this Order and §IV(B) of the Settlement Agreement and to cooperate with the Settlement Administrator as reasonably necessary to carry out the terms of the Settlement,

[2] Capitalized terms not defined in this Order have the meanings set forth in the Settlement.

Class, from which would be paid all amounts due to Class Members under the Settlement, including any attorneys' fees and costs to Class Counsel or Incentive Award to the Plaintiff that may hereafter be allowed by the Court.

Plaintiff has filed a Motion for Preliminary Approval of Class Settlement and for Certification of a Class (the "Motion"). Upon considering the Motion and exhibits thereto, the Settlement, the record in these proceedings, the representations and recommendations of Class Counsel, and the requirements of law, the Court finds and Orders as follows:

## I.      JURISDICTION AND VENUE

1.      The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332.

2.      Venue is proper in this District.

## II.     PROVISIONAL CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

3.      The Court finds, for settlement purposes, that the requirements of Federal Rule of Civil Procedure 23 are satisfied and that conditional certification of the proposed Class is appropriate. The Court therefore provisionally certifies the following Class (which includes terms defined in the Settlement):

> All purchasers of any of the Subject Products as defined below during the period between November 19, 2002 through the Effective Date (defined below), excluding any purchases made for purposes of resale.  Excluded from the Class are (i) those Class Members who have previously resolved their claims through return of product, settlement, or final judgment, (ii) all persons who are officers or directors of Defendant, and (iii) Judges of the Court.

4.      Specifically, the Court finds, for settlement purposes only, that the Class satisfies the following requirements under Federal Rule of Civil Procedure 23:

> (a)      the members of the Class are so numerous that joinder of all members is impracticable;

(b)     there are questions of law and fact common to the Class;

(c)     the claims and defenses of the Plaintiff are typical of the Class;

(d)     the Plaintiff and Class Counsel will fairly and adequately protect the interests of the Class; and

(e)     the Action satisfies the requirements of Fed. R. Civ. P. 23(b)(3) in that there are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.     The Court appoints Molly Crane as class representatives.

6.     The Court appoints the following persons and entity as Class Counsel:

> **Shapiro Haber & Urmy LLP**
> Edward F. Haber
> Patrick J. Vallely
> 2 Seaport Lane
> Boston, MA 02210
> Telephone: (617) 439-3939
> Facsimile: (617) 439-0134
> ehaber@shulaw.com
> pvallely@shulaw.com

## III.   PRELIMINARY APPROVAL OF THE SETTLEMENT

7.     This Court preliminarily approves the Settlement as fair, reasonable, and adequate, and as in the best interests of all Class Members, for the following reasons: *First,* the Parties negotiated the settlement fairly and honestly at arms' length and with the assistance of an experienced mediator and experienced counsel. *Second,* serious questions of law and fact exist, as reflected in Defendants' motions to dismiss the case and their affirmative defenses asserted in their answers to the complaint. *Third,* an immediate recovery is valuable to the Class, given the potential need for protracted litigation to resolve all factual and legal disputes among the Parties. *Fourth*, the Parties have offered their reasoned and well-supported judgment that the settlement is fair and reasonable to the Class.

8.      The Court also preliminarily finds that the plan for distribution of the Settlement Fund, as set forth in the Settlement, is fair and equitable.

9.      Because the Settlement is fair, reasonable, and adequate, it is therefore appropriate to Order that notice of the Settlement be given to the Class and to schedule a final approval hearing to assist the Court in determining whether to grant final approval to the Settlement and enter final judgment.

10.     The Court therefore preliminarily approves the Settlement, and the exhibits appended to the Settlement, as fair, reasonable, and adequate.

## IV.   APPROVAL OF NOTICE AND NOTICE PROGRAM AND DIRECTION TO EFFECTUATE NOTICE

11.     The Court approves the form and content of the Notice to be provided to the Class, as reflected in the forms appended as Exhibits 4, 5, and 6 to the Settlement. The Court further finds that the Notice Program, described in the Settlement is the best practicable under the circumstances. The Notice Program is reasonably calculated under the circumstances to apprise the Class of (a) the pendency of the Action; (b) the Court's preliminary certification of a Class; (c) the terms of the Settlement and the Class Members' rights to opt-out of the Class or to object to the Settlement; (d) the maximum amount of Class Counsel's expected application for attorneys' fees and reimbursement of expenses; and (e) the expected request for an Incentive Award for the Plaintiff. The Notice and Notice Program constitute sufficient notice to all persons entitled to notice. The Notice and Notice Program satisfy all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

12.     The Court appoints KCC, LLC as the Settlement Administrator to perform the duties set out in the Settlement Agreement or any further duties Ordered by the Court in connection with the administration of the Settlement.

13.     The Settlement Administrator shall implement the Notice Program, as set forth below and in the Settlement, using the forms of Notice appended as Exhibits 4, 5, and 6 to the Settlement and approved by this Order. The Notice Program shall include (i) the provision of reasonable electronic and U.S. mail postcard notice to known class members; (ii) a Settlement Website containing a long-form notice, significant pleadings from the Action, and contact information for Class counsel; and (iii) publication notice as set forth in the Settlement and the affidavit of Carla Peak submitted in support of Plaintiff's motion for preliminary approval.

## V.     MAILED NOTICE PROGRAM

14.     No later than 10 days of this Order, Defendants shall provide to the Settlement Administrator the names of any Class Members that can be identified through Defendants' records as having purchased a Subject Product during the Class Period, any available physical mailing addresses and/or e-mail address for such Class Members, and data identifying the number of Subject Products each such Class Member purchased during the Class Period that have not been returned.

15.     The Settlement Administrator shall run any physical mailing addresses it receives from Defendants through the National Change of Address Database.

16.     Within 45 days of this Order, the Settlement Administrator shall send via e-mail a notice in the form attached to the Settlement as Exhibit 6 to Class Members for whom Defendants provide an email address.

17.     Within 45 days of this Order, the Settlement Administrator shall send via regular mail the notice in the form attached to the Settlement as Exhibit 6 to Class Members for whom Defendants provide no email address but have provided a physical mail address.

18.     The Settlement Administrator shall perform reasonable address traces for all notices sent by U.S. mail that are returned as undeliverable. No later than 75 days after this Order,

the Settlement Administrator shall complete the re-mailing of notice in the form attached to the Settlement as Exhibit 6 to Class Members for whom Defendants provide no email address but have provided a physical mail address, and for whom the Settlement Administrator has performed a successful trace.

19.     Within 75 days of this Order, the Settlement Administrator shall provide Class Counsel and Defendants' counsel a declaration that confirms the Settlement Administrator has completed in a timely manner the notice approved by this Order. Class Counsel shall file that declaration with the Court in conjunction with the Plaintiff's motion for final approval of the settlement.

## VI.     PUBLICATION NOTICE AND SETTLEMENT WEBSITE

20.     Within 45 days of this Order, the Settlement Administrator shall complete the publication notice program as set forth in the declaration of the Settlement Administrator submitted with Plaintiff's motion for preliminary approval.

21.     Within 45 days of this Order, the Settlement Administrator shall establish and launch a Settlement Website as a further means for Class Members to obtain notice of, and information about, the Settlement. The Settlement Website shall include hyperlinks to the Settlement Agreement, the long-form notice attached as **Exhibit 4** to the Settlement Agreement, this Order, and such other documents as Class Counsel and Defendants' Counsel agree to post or that the Court Orders posted on the Settlement Website. These documents shall remain on the Settlement Website at least until one-hundred and twenty (120) days after the expiration of the last settlement benefit check mailed to any Claimant.

22.     In addition to providing notice to the Class, the Settlement Website shall permit Class Members to submit a claim online using a web-based version of the claim form attached to the Settlement Agreement as Exhibit 7, which will permit Class Members to fill out and sign the

Claim Form directly on the website and to upload any proof of purchase to submit with the Claim Form.

23.     The Settlement Administrator shall establish and maintain an automated toll-free telephone line for Class Members to call with settlement-related inquiries and answer the questions of Class Members who call with or otherwise communicate such inquiries.

## VII.   FINAL APPROVAL HEARING, OPT-OUTS, AND OBJECTIONS

24.     The Court directs that a Final Approval Hearing will take place on **Monday, April 8, 2019, at 11:00 AM**, to assist the Court in determining whether to grant Final Approval to the Settlement and whether to grant Class Counsel's application for attorneys' fees and request for an Incentive Award for the Plaintiff.

25.     Any person within the Class who wishes to be excluded from the Class may exercise their right to opt-out of the Class by following the opt-out procedures set forth in the long-form notice attached as Exhibit 4 to the Settlement Agreement. To be valid and timely, opt-out requests must be postmarked on or before 105 days after this Order. To be considered valid, Opt-Out requests must include:

(a)     the full name, telephone number and address of the person seeking to be excluded from the Class;

(b)     a statement that such person wishes to be excluded from the Settlement in *Crane v. Sexy Hair Concepts, LLC,* No. 17-cv-10300 (D. Mass.); and

(c)     the signature of the person seeking to be excluded from the Class.

26.     Any notice sent by regular mail or e-mail to Class Members, and the long-form notice available on the Settlement Website, shall specify the date by which requests for exclusion must be postmarked. All persons within the Class who do not timely and validly opt-out of the Class shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases set forth in the Settlement Agreement.

27.     Any person in the Class who does not opt out of the Class may object to the Settlement, Class Counsel's application for attorneys' fees and reimbursement of expenses, and/or the request for Incentive Award for the Plaintiff. Any person so objecting must mail his or her objection to the Clerk of the Court, Class Counsel, and Defendants' Counsel, at the addresses indicated in the notice. For the Court to consider such an objection, it must be postmarked no later than 105 days after this Order, and must include the following information:

(a)     full name, current address, and current telephone number of the objectors;

(b)     documentation sufficient to establish the objector's membership in the Class;

(c)     a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

(d)     a statement of the basis for the objection, including the factual and legal grounds for the position;

(e)     copies of any documents supporting the objection;

(f)     the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

(g)     any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; and

(h)     the number of times in which the objector, the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which such prior objections have been made, and a copy of any orders related to or bearing upon such prior objections that were issued by the trial and appellate courts in each listed case.

## VIII.   FURTHER PAPERS IN SUPPORT OF SETTLEMENT AND FEE APPLICATION

28.     The Plaintiff shall file her motion for final approval of the Settlement, and Class Counsel shall file their application for attorneys' fees and reimbursement of expenses and request for an Incentive Award for the Plaintiff, no later than 75 days after this Order.

29.     The Plaintiff shall file any responses to timely filed objections to the motion for final approval of the Settlement and the application for attorneys' fees and reimbursement of expenses and request for an Incentive Award no later than 115 days following this Order.

## IX.     STAY/BAR OF OTHER PROCEEDINGS

30.     All proceedings in the Action are hereby stayed until further Order of the Court, except as may be necessary to implement the terms of the Settlement.

31.     Upon entry of this Order, all Class Members will be preliminarily barred and enjoined from asserting, instituting, or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Released Parties. Upon entry of a Final Approval Order, all Class Members will be forever barred and enjoined from taking any action in violation of this provision.

## X.     SUMMARY OF SCHEDULE FOR SETTLEMENT APPROVAL

32.     Based on the foregoing, the Court sets the following schedule for the final approval hearing and the actions that must precede it:

(a)     Defendants must provide to the Settlement Administrator the information set forth in the Settlement Agreement concerning the identification of known purchasers and the number of Subject Products purchased no later than 11/26/2018.

(b)     The Settlement Administrator shall establish the Settlement Website, complete the publication notice, send all e-mail and U.S. mail notice to known Class Members, and establish a toll-free telephone line no later than 11/31/2018.

(c)     The Settlement Administrator shall complete remailing of any notice sent by regular mail that is returned to the Settlement Administrator, for any Class Member for whom the Settlement Administrator is able to identify an updated or better address no later than 1/28/2019.

(d)     Plaintiff shall file her motion for final approval of the Settlement, and Class Counsel shall file their application for attorneys' fees and reimbursement of expenses and request for an Incentive Award for the Plaintiff, no later than 1/28/2019.

(e)     To receive any settlement benefit, Class Members must either postmark or submit online the Claim Form no later than 2/27/2019.

(f)     Class Members must file any objections to the Settlement, or to the application for attorneys' fees and reimbursement of expenses and request for an Incentive Award, no later than 2/27/2019.

(g)     Class Members must file requests for exclusion from the Settlement no later than 2/27/2019.

(h)     The Plaintiff and/or Class Counsel shall file any responses to timely filed objections no later than 3/8/2019.

(i)     The Final Approval Hearing will be held on Monday, April 8, 2019 at 11:00 AM in courtroom 2 of the United States District Court for the District of Massachusetts, 1 Courthouse Way, Suite 2300, Boston, MA 02210.


DATED: November 14, 2018

                                        **BY THE COURT:**


                                        **/s/** F. Dennis Saylor
                                        F. Dennis Saylor IV
                                        United State District Judge