Exhibit A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MOLLY CRANE, Individually and on Behalf of All Other Persons Similarly Situated,

      Plaintiff,

v.

SEXY HAIR CONCEPTS, LLC, and ULTA SALON COSMETICS & FRAGRANCE, INC.,

      Defendants.

**Case 1:17-cv-10300**

## SETTLEMENT AGREEMENT AND RELEASE

## TABLE OF CONTENTS

**PAGE**

I.      DEFINITIONS ...................................................................................................... 3

II.     SETTLEMENT BENEFITS ................................................................................... 7

III.    PRELIMINARY APPROVAL ............................................................................. 12

IV.     NOTICE ............................................................................................................... 14

V.      ATTORNEYS' FEES/EXPENSES  AND INCENTIVE AWARD ................................ 18

VI.     SETTLEMENT ADMINISTRATOR ................................................................... 18

VII.    FINAL APPROVAL ............................................................................................. 20

VIII.   RELEASES AND ACKNOWLEDGMENTS ....................................................... 22

IX.     REQUEST FOR EXCLUSION BY CLASS MEMBERS ..................................... 23

X.      OBJECTIONS BY CLASS MEMBERS .............................................................. 24

XI.     EXCLUSIVE REMEDY ...................................................................................... 26

XII.    REPRESENTATIONS AND WARRANTIES ..................................................... 26

XIII.   TERMINATION .................................................................................................. 26

XIV.    BEST EFFORTS .................................................................................................. 27

XV.     MISCELLANEOUS PROVISIONS .................................................................... 28

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between Plaintiff Molly Crane ("Plaintiff"), individually and her putative capacity as representative plaintiff on behalf of the putative Class Members (defined below); Defendant Sexy Hair Concepts, LLC ("SHC" or "Defendant")(Plaintiff and Defendant, individually a "Party" and collectively, the "Parties"); Shapiro Haber & Urmy LLP, counsel for Plaintiff and the putative Class Members; and Greenberg Traurig, LLP, counsel for Defendant.

**WHEREAS,** on February 23, 2017, Plaintiff filed a Complaint in the United States District Court for the District of Massachusetts in an action captioned *Crane v. Sexy Hair Concepts, LLC et al.,* No. 17-cv-10300 ("Litigation"), alleging that she and other similarly situated persons incurred damage as a result of alleged misrepresentations regarding whether certain products manufactured by SHC contained sulfates and/or salts;

**WHEREAS,** Plaintiff's Complaint sought certification of both a Massachusetts class and a national class of purchasers of certain SHC products for alleged violations of M.G.L. c. 93A and/or for unjust enrichment;

**WHEREAS,** the Parties participated in arms'-length settlement negotiations including two mediation sessions with the Honorable John C. Cratsley, a mediator with JAMS, on May 30, 2018 and July 23, 2018, and the Parties subsequently agreed to a global and final resolution of all issues pertaining to the Litigation as set forth in this Agreement;

**WHEREAS,** Plaintiff, on behalf of herself and on behalf of the putative Class Members, and Defendant desire to compromise and settle all issues, disputes and claims asserted or which could have been asserted in the Litigation whether known or unknown;

**WHEREAS,** Plaintiff, by and through putative Class Counsel (defined below), has made a thorough investigation of the facts and circumstances surrounding the allegations asserted in the Litigation, engaged in discovery on the claims asserted in the Litigation, and evaluated and considered the law applicable to the claims asserted in the Litigation, including the defenses that Defendant asserted and would likely assert;

**WHEREAS**, Defendant has vigorously denied and continues to deny all of the claims and contentions alleged in the Litigation, denies any wrongdoing on its part or the part of others, and denies all liability to the Plaintiff or the putative Class Members.  Defendant has also conducted a thorough investigation with its counsel and evaluated the risks and potential cost of litigating the issues raised in the Litigation and the benefits of the Agreement and proposed Settlement (defined below) described herein.  Based on its evaluation and desire to avoid the time, expense and inherent uncertainties of litigation, Defendant desires to settle the Parties' dispute and the Litigation pursuant to the terms and conditions in this Agreement.

**WHEREAS,** the Parties agree that the settlement proposed in this Agreement is fair, adequate, and reasonable.

**NOW, THEREFORE,** for adequate consideration as set forth herein, it is hereby stipulated and agreed, by and among the Parties, that:  (i) the Parties desire to fully and finally resolve the Litigation and shall seek Court approval of their Settlement, as required by Federal Rule of Civil Procedure 23(e); and (ii) upon such approval by the Court, a final order and judgment shall be entered fully and finally resolving the Litigation upon the terms and conditions set forth herein, or as modified by the Court and approved by the Parties as provided herein.

## I.     DEFINITIONS

As used in this Agreement, the following terms shall have the meanings set forth below, unless the context clearly indicates otherwise. Where appropriate, the terms used in the singular shall be deemed to include the plural and vice versa.

A.     "Administrator" or "Settlement Administrator" means a third-party agent or administrator selected by Class Counsel and Defendant's Counsel (defined below) to help implement and effectuate the terms of this Agreement.

B.     "Administration Account" means the account into which Defendant will pay the Gross Settlement Amount and upon funding will be used for the purposes of (i) paying settlement administration costs; (ii) distributing settlement benefits to Claimants (defined below); (iii) distributing any Court-approved awards of attorneys' fees, expenses, and an Incentive Award in accordance with the terms of this Agreement; and (iv) the payment of any necessary taxes and expenses incurred in connection with the maintenance of the Administration Account.

C.     "Aggregate Settlement Benefits" equals the sum of (i) all claims of Class Members that the Settlement Administrator has accepted; (ii) and all claims of Class Members that the Settlement Administrator has rejected, but for which a Class Member has filed and served a letter disputing the Settlement Administrator's decision.

D.     "Claim Form" means the document(s) to be submitted by Class Members seeking payment pursuant to this Agreement that will accompany the Class Notice and will be available online at the Settlement Website, substantially in the form of **Exhibit 7** and as discussed in Section II of this Agreement.

E.     "Claimant" means a Class Member who submits a claim for payment as described in Section II of this Agreement.

3

F.   "Class" shall mean "All purchasers of any of the Subject Products as defined below during the period between November 19, 2002 through the Effective Date (defined below), excluding any purchases made for purposes of resale.  Excluded from the Class are (i) those Class Members who have previously resolved their claims through return of product, settlement, or final judgment, (ii) all persons who are officers or directors of Defendant, and (iii) Judges of the Court."

G.   "Class Counsel" shall mean Shapiro Haber & Urmy LLP.

H.   "Class Members" shall mean the purchasers making up the Class.

I.   "Class Notice" shall mean the program to provide notice to Class Members, including (i) U.S. mail and e-mail notice to be sent to any purchaser for whom Defendant has access to data demonstrating a purchase of one or more Subject Products (defined below) and for whom U.S. address or e-mail addresses are available, (ii) a publication notice described below, and (iii) a settlement website described below.

J.   "Class Period" shall mean the period from November 19, 2012 to Effective Date.

K.   "Court" shall mean the federal district court handling the Litigation.

L.   "Defendant's Counsel" shall mean Greenberg Traurig, LLP.

M.   "Effective Date" shall mean forty-five (45) days after the Court's entry of the Final Judgment and Order if no document is filed within that time period seeking appeal, review, or any other relief in connection with the Agreement and/or the Final Judgment and Order. If any such document is filed, then the Effective Date shall be thirty-one (31) days after the date upon which all proceedings relating to such appeal, review, and other relief have fully and finally terminated in such a manner so as to permit full implementation of the Agreement and the Final

Judgment and Order without any further risk that the Agreement and/or the Final Judgment and Order could be further challenged.

N.      "Final Judgment and Order" shall mean the final judgment and order, substantially in the form attached as **Exhibit 3**, issued by the Court that gives full and final approval to the Agreement, and all aspects of the Settlement.

O.      "Gross Settlement Amount" refers to the payment by Defendant of the sum of $2,330,000.00 in full satisfaction of any claims asserted in the Litigation by Plaintiff or Class Members who do not opt out of the Settlement pursuant to Section IX below, inclusive of attorneys' fees and expenses, any Incentive Award, and Notice and Administration Costs.

P.      "Incentive Award" shall mean any Court-approved amount to be paid to Plaintiff for her service as a representative of the Class, which shall not exceed the amount agreed-to by the Parties.

Q.      "Litigation" shall mean the case captioned *Crane v. Sexy Hair Concepts, LLC et al.,* No. 17-cv-10300 (D. Mass.).

R.      "Net Settlement Amount" refers to the portion of the Gross Settlement Amount available to pay settlement benefits to Claimants after payment of Notice and Administrative Costs (defined below), any Court-awarded attorneys' fees and expenses, any Court-awarded Incentive Award, and the payment of any necessary taxes and expenses incurred in connection with the maintenance of the Administration Account.

S.       "Notice and Administrative Costs" means the reasonable and Court-authorized costs and expenses of disseminating and publishing Class Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Settlement Administrator in administering the Settlement, including but not limited to costs

and expenses of escrowing funds, mailing the settlement benefits to the Claimants, and performing all other tasks assigned to the Settlement Administrator pursuant to this Agreement.

T.    "Notice of Intention to Appear" shall mean the document that any Class Member must file with the Court if the Class Member has an Objection to the Agreement or any of the terms of the Settlement or court filings contemplated herein, and wishes to appear at the hearing on the Final Judgment and Order.

U.    "Objection" shall mean a written notice of objection to any aspect of the Agreement or any of the terms of the Settlement or court filings contemplated herein by or on behalf of a Class Member.

V.    "Objection Date" shall mean the deadline, to be set in the Preliminary Approval Order, by which an Objection must be filed with the Court and served on Class Counsel and Defendant's Counsel if not filed electronically through the Court's electronic filing system.

W.    "Preliminary Approval Order" shall mean the order of the Court preliminarily approving this Agreement and authorizing the Class Notice, substantially in the form attached as **Exhibit 2**.

X.    "Released Claims" shall mean the claims released under this Agreement as set forth in more detail in Section VIII below.

Y.    "Released Parties" shall mean Defendant, and any individual or entity involved in the manufacture, distribution, or sale of any of the Subject Products (defined below), as well as all of their parents, subsidiaries, affiliates, officers, employees, directors, shareholders, attorneys, and insurers, as well as all salons, hair care professionals, stylists, distributors, retailers, sellers, resellers, and wholesales of the Subject Products (defined below).

Z.     "Request for Exclusion" shall mean a written request by a Class Member for exclusion from the Settlement.

AA.    "Settlement" shall mean the terms and conditions of this Agreement.

BB.    "Subject  Products" shall mean any of SHC products labeled as sulfate free or salt free, including the SHC products listed in **Exhibit 1** to this Agreement.

## II.    SETTLEMENT BENEFITS

A.     <u>Aggregate Settlement Amount.</u> In full satisfaction of any claims asserted in this Action by Plaintiff or Class Members who do not opt out of the Settlement pursuant to section IX below, Defendant will pay the sum of $2,330,000, which shall constitute the Gross Settlement Amount.  Defendant shall pay the Gross Settlement Amount into the Administration Account no later than ten (10) days after the Effective Date. Under no circumstances will Defendant be required to pay anything more than the Gross Settlement Amount, which shall provide the sole source to pay all settlement benefits to be paid to the Claimants, Notice and Administrative Costs, Class Counsels' attorneys' fees and reasonable expenses (to the extent awarded by the Court), an Incentive Award (to the extend awarded by the Court), and payment of any necessary taxes and expenses incurred in connection with the maintenance of the Administration Account.

B.     <u>Tax Treatment</u>.  The Administrative Account is intended to be a "qualified settlement fund" within the meaning of United States Treasury Regulation § 1.468B-1 ("QSF"). Neither the Parties nor the Settlement Administrator shall take a position in any filing or before any tax authority that is inconsistent with treating the Settlement Fund as a QSF.  Defendant shall be the "transferor" and the Settlement Administrator shall be the "administrator" of the Settlement Fund within the meaning of United States Treasury Regulations §§ 1.468B-1(d)(1) and 1.468B-2(k)(3), respectively.  As a result, the Settlement Administrator will be responsible for all tax withholding and reporting obligations of any payments made from the Settlement

Fund, including any reporting required on IRS Form 1099, if any, for distributions made from the Settlement Fund. The Parties agree to take all necessary and reasonable actions to qualify the Settlement Fund as a QSF.

C.    Class Member Cash Recovery With Proof of Purchase. Class Members with proof of purchase may claim a settlement benefit in the amount of $6.00 for every Subject Product purchased during the Class Period for which the Class Member submits proof of purchase, subject to further adjustment as set forth in paragraphs H, J, and K below depending on the aggregate value of claims submitted by Claimants. Proof of purchase means a store receipt, evidence of current possession of a Subject Product, or any comparable evidence from a retailer specifically identifying and showing the purchase of a Subject Product during the Class Period. All Class Members that Defendant identified through existing data sources through which Defendant can confirm a purchase of a Subject Product during the Class Period (such data sources are identified specifically in Section IV.B), will be deemed to have presented proof of purchase for the amount of products those data sources indicate that the Class Member purchased, minus any products that such sources or the completed Claim Form reflect the Class Member returned. Such Class Members will be provided an individualized six-digit claim code generated by the Settlement Administrator to include on their Claim Form that will constitute proof of purchase for the purchases reflected in the data sources.

D.    Class Member Cash Recovery Without Proof of Purchase. Class Members without proof of purchase may seek settlement benefits in the amount of $6.00 for every Subject Product purchased during the Class Period, subject to a cap of two (2) Subject Products.

E.    Class Members may seek relief under both paragraphs C and D above by timely submitting a completed Claim Form as set forth in the Preliminary Approval Order. To be

timely, Claim Forms must be postmarked or submitted online no later than the deadline set forth in the Preliminary Approval Order (which deadline will also be included in the Class Notice). Claim Forms may be submitted either by mail or through the Settlement Website. Each Claim Form shall be signed (either electronically, if the Claim Form is submitted electronically, or by physical signature, if the Claim Form is submitted by mail). If a Claimant submits a claim form online, the Settlement Website will permit the Claimant to upload and attach to the Claim Form any proof of purchase the Claimant submits. No Class Member, however, may submit more than one Claim Form, and two or more Class Members may not submit Claim Forms for all or part of the same purchase. The Settlement Administrator shall deny any claims that violate the terms of this paragraph or this Agreement or otherwise appear to the Settlement Administrator to be fraudulent or claim benefits not included in the Settlement.

F.     The Settlement Administrator shall use adequate and customary procedures and standards to prevent the payment of fraudulent claims and to pay only legitimate claims. Failure, however, to provide all information requested in the Claim Form will not necessarily result in nonpayment of a claim. Instead, where a Claimant fails to strictly comply with the requirements of the Claim Form of this Agreement, but it appears the Claimant is a Class Member who would have been eligible for benefits had the Claimant complied with such requirements, then the Parties, in consultation with the Settlement Administrator, will take all adequate and customary steps to determine the Claimant's eligibility for payment and the amount of payment based on the information contained in the Claim Form or otherwise submitted and may grant the claim notwithstanding a technical failure to comply with such requirements. Any dispute arising over a Claimant's eligibility to receive a cash payment that cannot be resolved by the Parties shall be submitted to the Court for resolution.

G.     With the approval of the Parties, which approval will not be unreasonably withheld, the Settlement Administrator may pay claims that are otherwise valid but untimely filed if there is sufficient money remaining to pay all valid and timely claims in full plus untimely but otherwise valid claims from the Net Settlement Amount and payment of any such untimely but otherwise valid claims are administratively feasible and otherwise reasonable.

H.     Within 30 days after the entry of the Final Judgment and Order, the Settlement Administrator shall have completed its review of all Claim Forms submitted and identified any Claim Forms that will be rejected because either the claims are not in compliance with the terms of this Agreement or otherwise appear not to be legitimate claims.  By that date, for any rejected claims, the Settlement Administrator shall send e-mail (if available) or postcard notice to any such Claimants notifying the Claimant of the rejection of the claim, the basis for the rejection, and the manner in which the Claimant can dispute the rejection, and the deadline for doing so (as set forth in the next sentence).  Within 45 days after the entry of the Final Judgment and Order, any Claimant wishing to dispute the rejection of his or her claim must send to both Class Counsel and Defendant's counsel a letter disputing the Settlement Administrator's decision. That letter must include the Claimant's (1) full name, current address, and current telephone number; (2) documentation sufficient to establish membership in the Class; (3) a statement of the basis for the Claimant's dispute of the Settlement Administrator's rejection of the claim. The Claimant must personally sign under oath and before a notary the letter disputing the Settlement Administrator's decision. After a Disputed Claim is served in this fashion, either (i) Class Counsel, Defendant's Counsel, and the Claimant may reach agreement to resolve the Disputed Claim (such as by agreement that the claim will be paid or withdrawn), or (ii) if not agreement is reached, the Parties shall submit the dispute to the Court for resolution.

I.      Within 30 days after the Court enters the Final Judgment and Order, or as soon thereafter as the Settlement Administrator has completed its evaluation of all submitted claims and resolution of any Disputed Claim (hereinafter "Claims Completion Date"), the Settlement Administrator shall calculate the Net Settlement Amount by subtracting from the Gross Settlement Amount (i) all current and anticipated Class Notice and Administration Costs; (ii) any attorneys' fees and expenses awarded by the Court; (iii) any Incentive Award approved by the Court; (iv) any necessary taxes and tax expenses, and (v) any other costs of administering the Settlement.   The Settlement Administrator shall also calculate the "Aggregate Settlement Benefits," which shall equal the sum of (i) the total aggregate amount of all approved claims submitted by Claimants; and (ii) the total aggregate amount of all claims rejected by the Settlement Administrator but for which a Claimant has disputed the Settlement Administrator's decision.  For clarity, the Settlement Administrator shall exclude from this calculation any claims denied by the Settlement Administrator pursuant to paragraph H above for which no dispute has been filed and served by the Claimant.

J.      If the Aggregate Settlement Benefits exceeds the Net Settlement Amount, then each Claimant's settlement benefit shall be reduced on a *pro rata* basis such that the Aggregate Settlement Benefits equals the Net Settlement Amount.

K.      If the Aggregate Settlement Benefits is less than the Net Settlement Amount, then each Claimant's settlement benefit shall be increased on a *pro rata* basis up to the lesser of (i) a multiple of 2 times the benefits set forth in paragraphs C and D above; or (ii) a multiple such that the Aggregate Settlement Benefits equals the Net Settlement Amount.

L.      Within 30 days following the later of the Claims Completion Date or the Effective Date, the Settlement Administrator will send settlement benefit checks by mail or electronically

if selected by Claimant, to eligible Claimants (i.e., Claimants the claims for which the Settlement Administrator has accepted).

M.    In addition to the monetary settlement benefits provided for through this Agreement, SHC agrees to refrain from representing to consumers (on product labeling or otherwise) that any of its products containing any sulfates are "Sulfate Free" or "Free of Sulfates", or that any of its products containing any salts are "Salt Free" or "Free of Salts". Defendant shall be permitted to label its products as "Free of SLS/SLES" or such similar representations if the products do not contain sodium laureth sulfate (SLES) and sodium lauryl sulfate (SLS). Nothing in this Agreement, prevents SHC from representing its products as being free of specific types of sulfates, such as SLS or SLES sulfates, so long as such representations are accurate.

N.    With respect to any amount remaining from the Net Settlement Amount after distribution of (i) any Court-approved Notice and Administration Costs; (ii) any attorneys' fees and expenses awarded by the Court; (iii) any Incentive Award approved by the Court; (iv) any necessary taxes and tax expenses; and (v) settlement benefits to Claimants, the Administrator shall pay any such remaining amount as a *cy pres* fund payment to the following charities:  Look Good Feel Better (Personal Care Products Council Foundation) and PBA Disaster Relief Fund (Professional Beauty Association).  Under no circumstances shall any portion of the Gross Settlement Amount or the Net Settlement Amount be returned to Defendant unless the Agreement is terminated in accordance with this Agreement.

## III.    PRELIMINARY APPROVAL

A.    As soon as practicable after this Agreement is fully executed, for settlement purposes only, the Plaintiff and Class Counsel shall request the Court to make preliminary findings, enter the Preliminary Approval Order granting conditional certification of the Class,

subject to final findings and ratification in the Final Order and Judgment, and appoint the Plaintiffs as class representatives and Class Counsel as counsel for the Class. Neither Defendant nor Defendant's Counsel will object to such requests for the purposes of effectuating the Settlement. Such agreement not to object to class certification shall extend only as necessary to effectuate the Settlement. As set forth in the draft Preliminary Approval Order, the Named Plaintiff shall request the Court to enter an order:

1.　　preliminarily approving and finding this Agreement and the Settlement as being fair, reasonable, and adequate;

2.　　conditionally certifying the Litigation as a settlement class action under Rule 23(b)(3) and (e) of the Federal Rules of Civil Procedure;

3.　　appointing Plaintiff as class representative and Class Counsel as counsel for the Class;

4.　　preliminarily approving the form, manner, and content of the Class Notice, as provided herein, and finding that notice is fair, reasonable, and the best notice practicable under the circumstances in connection with notifying the Class Members of their rights and responsibilities under the Settlement and satisfying due process and Rule 23 of the Federal Rules of Civil Procedure;

5.　　appointing the Settlement Administrator to send Class Notice and administer the Settlement;

6.　　providing that Class Members will have until a date certain to object to or file a request for exclusion from the Settlement, as provided herein;

7.　　establishing dates by which all papers in support of the motion for final approval of the Settlement, an application for payment of the Attorneys' Fees and Incentive Award, and/or any response to any valid and timely objections shall be filed and served;

8.　　preliminarily approving the form of the Final Order and Judgment;

9.　　providing that all Class Members will be bound by the Final Order and Judgment fully and finally resolving the Litigation on the terms and conditions contained herein;

10.　　staying all proceedings against Defendant and any others until the Court renders a final decision on approval of the Settlement;

11. enjoining Class Members from commencing or prosecuting, either directly or indirectly, any action asserting any of the Released Claims;

12. setting the date and time of the Final Approval Hearing, subject to the availability of the Court, Class Counsel, and Defendant's Counsel, which date may be continued without necessity of further notice to the Class Members; and

13. entering a protective order, if necessary, to safeguard any information provided to the Settlement Administrator concerning the Class Members.

B. Unless otherwise agreed to by the Parties in writing, Class Counsel shall provide Defendant's Counsel with drafts of the moving papers requesting preliminary approval for review at least five (5) business days before the papers are filed.

C. In the event that the Court fails to issue either the Preliminary Approval Order, substantially in the form of the attached Exhibit 2, the Parties agree that this Agreement is voidable by either Party by providing written notice to the other Party within fifteen (15) days of the Court's action declining to enter either such order. In such event, subject to the provisions regarding termination of the Agreement in Section XIII below, each Party shall return to its respective pre-settlement posture without prejudice or waiver to any Party's pre-settlement position on any legal or factual issue.

D. The Parties shall cooperate with each other in good faith to carry out the purposes of and to effectuate this Agreement, and they shall take any and all actions and execute and deliver any and all additional documents reasonably necessary or appropriate to carry out the terms of this Agreement and the transactions contemplated hereby.

## IV.    NOTICE

A. Class Notice shall include (i) a full, long-form notice in the form attached to this Agreement as **Exhibit 4**, which shall be posted on the Settlement Website and a copy of which shall be mailed to any Class Member upon request made by the Class Member to the Settlement Administrator; (ii) a publication notice in the form attached to this Agreement as **Exhibit 5**,

14

which shall be published in accordance with the plan proposed by the Settlement Administrator and approved by all Parties and as will be described in an affidavit of the Settlement Administrator presented to the Court in connection with Plaintiff's motion for preliminary approval; and/or (iii) personal written notice in the form attached to this Agreement as **Exhibit 6**, which shall be sent to all Class Members for whom Defendant has a valid mailing address (regular mail or email) and for which Defendant is able to verify a purchase of a Subject Project. As to any direct-mail notice, the Settlement Administrator shall conduct a National Change of Address ("NCOA") Update to verify the physical mailing addresses for the Class Members if such address is to be used. The Settlement Administrator shall not be required to send such Direct-Mail Notice to any Class Member whose last known street address, as updated through the National Change of Address registry, is determined to be undeliverable pursuant to one of the following mailing codes: F (foreign move, no new address available), G (postal box closed, no new address available), or K (move, left no forwarding address).

B.     Defendant shall ensure that the Settlement Administrator receives the names of any Class Members that can be identified through Defendant and/or the currently available and agreed upon retailer records as set forth below, as having purchased a Subject Product during the Class Period, any available physical mailing addresses and/or e-mail address for such Class Members, and data identifying the number of Subject Products each such Class Member purchased during the Class Period that have not been returned. This data shall include (i) data on approximately 950,000 Class Members identified through the agreed upon retailer records, including approximately 900,000 Class Members for whom an email address will be provided and approximately 950,000 Class Members for whom a physical mail address will be provided. Defendants shall jointly cooperate fully with the Settlement Administrator to ensure the data

provided pursuant to this paragraph is provided in a format that the Settlement Administrator can use to carry out all functions set forth in this Agreement, including the provision of personal notice to any Class Members for whom e-mail or physical mail addresses are available and the calculation of settlement benefits.  The Parties recognize that provision of the data described in this paragraph, and the successful use of such data by the Settlement Administrator for both notice and claims administration as described in this Agreement, are essential and material terms of this Agreement, and any failure by either Defendant to provide this data to the Settlement Administrator, or any inability of Settlement Administrator to use the data to complete the notice and claims administration contemplated by this Agreement, provide grounds for Plaintiff to terminate the Settlement pursuant to Section XIII.

C.    The Settlement Administrator, as a condition of its retention as Settlement Administrator, will keep all information it receives from Defendants concerning Class Members strictly confidential except as necessary to carry out the Settlement Administrator's functions in administering this Settlement.   In the event any Class Member contacts Class Counsel concerning this Settlement, the Settlement Administrator may provide any information to Class Counsel concerning such Class Member to the extent necessary for Class Counsel to communicate with the Class Member concerning the Settlement. No later than 120 days after the last settlement benefit check to any Class Member expires, the Settlement Administrator will segregate and keep confidential any records provided by Defendants in a manner that ensures the data is not available through the internet or otherwise vulnerable to unauthorized access in any fashion.

D.    No later than the mailing of the Class Notice, the Settlement Administrator shall establish a Settlement Website, which shall contain copies of the motion for preliminary

approval and all documents filed in support thereof, including the Settlement Agreement and Exhibits thereto (including the Class Notice). The Settlement Website shall also contain other significant pleadings from the Action, including the operative complaint.  The Settlement Website shall also contain the contact information for Class Counsel so that Class Members may contact Class Counsel with any questions regarding the Settlement. The Settlement Website at www.sulfatesettlement.com shall include the capability for Class Members to submit a claim using an online form, substantially in the form set forth in **Exhibit 7** to the Agreement, and to upload any proof of purchase in support of the claim.

E.      As reflected in **Exhibit 7**, the Settlement Website shall permit Class Members whom have been identified through existing data sources as having purchased Subject Products (such data sources are identified specifically in Paragraph B of this Section) to submit a claim using a custom link or a custom claim code generated by the Settlement Administrator for each such Class Member. Upon use of the custom link or entry of a valid claim code, the Settlement Administrator shall use the data provided to it to populate such information required of the Claim Form as is readily available and to determine the number of units for which the Class Member is deemed to have provided proof of purchase for purposes of distributing settlement benefits to such Class Members.

F.      The Settlement Website shall have a Uniform Resource Locator which identifies it as http://www.sulfatesettlement.com. The Settlement Website shall remain open and accessible until one-hundred and twenty (120) days after the expiration of the last settlement benefit check mailed to any Claimant.

G.      The Parties agree that any communications or publications by Class Counsel regarding the issues addressed in this Agreement will be consistent with the terms of this

Agreement, the Class Notice, the Preliminary Approval Order, and the Final Judgment and Order.

## V.    ATTORNEYS' FEES/EXPENSES AND INCENTIVE AWARD

A.    Defendant agrees to take no position on Class Counsel's application for attorneys' fees and expenses to be paid from the Gross Settlement Amount so long as Class Counsel's request does not exceed the sum of one-third of the Gross Settlement Amount for attorneys' fees plus Class Counsel's reasonable out-of-pocket expenses, subject to Court approval, and Class Counsel agrees that they will not seek attorneys' fees and expenses from the Court that exceed those sums.

B.    Defendant agrees to take no position on Plaintiff's and Class Counsel's application for an Incentive Award to Plaintiff to be paid from the Gross Settlement Amount so long as the Incentive Award does not exceed $2,000, subject to Court approval, and Plaintiff and Class Counsel agree that they will not seek an Incentive Award that exceeds that sum. Any Incentive Award approved by the Court for Plaintiff will be in addition to, and not in lieu of, the settlement benefits to which Plaintiff is entitled pursuant to Section II of this Agreement.

C.    The Settlement Administrator will pay any Court-approved award of attorneys' fees and expenses by way of a single check made payable to Shapiro Haber & Urmy LLP. This amount will be paid no later than thirty (30) days following the Effective Date.

D.    The Settlement Administrator will pay any Court-approved Incentive Award by way of a check made payable to Plaintiff. This amount will be paid by providing the check to Class Counsel no later than thirty (30) days following the Effective Date.

## VI.    SETTLEMENT ADMINISTRATOR

A.    Class Counsel and Defendant's Counsel will jointly select the Settlement Administrator based on the experience, reputation, and proposed costs and charges of potential

Settlement Administrators. The Settlement Administrator must consent in writing to perform the functions set forth in this Agreement in accordance with this Agreement.

B.    The Settlement Administrator shall administer the Settlement as described herein and as approved by the Court, and perform such other functions as ordered by the Court or approved by mutual agreement of the Parties, including the following:  (i) sending the Class Notice; (ii) establishing and maintaining the Settlement Website; (iii) establishing and maintaining a post office box for objections and exclusion requests; (iv) establishing and maintaining an automated toll-free telephone line for Class Members to call with settlement-related inquires and answering questions Class Members may have about the Settlement administration or directing questions to Class Counsel, as appropriate; (v) responding to mailed or e-mailed inquiries about the Settlement administration or directing inquiries to Class Counsel for a response, as appropriate; (vi) providing weekly reports to Class Counsel and Defense Counsel summarizing the claims status and requests for exclusion received, which reports may be disclosed by Class Counsel to the Court; (vii) providing the identity of Class Members who objected to or properly excluded themselves from the Settlement; (viii) providing distributions to the Claimants; (ix) providing Defendant with properly completed and executed tax forms or other appropriate tax information; (x) timely making all necessary elections, withholdings, and reporting to qualify the Settlement as a Qualified Settlement Fund  or otherwise complying with any federal or state law governing taxes or unclaimed property; (xi) performing any other or additional functions as set forth herein or as requested by the mutual agreement of the Parties. Any additional functions that do not materially alter the administration of the Settlement, as approved by the Court in the Preliminary Approval Order or Final Order and Judgment, need not be approved by the Court or explained to Class Members through additional notice, and (xii)

providing appropriate notice to federal and state regulators under the Class Action Fairness Act. The Settlement Administrator shall maintain the Administration Account at an independent financial institution selected by Defendant and approved by Class Counsel, that is unaffiliated with the Settlement Administrator, Defendant, Plaintiff, Class Counsel, or Defendant's Counsel. The Settlement Administrator will only disperse or withdraw funds from the Administration Account after receiving approval from both Class Counsel and Defendant's Counsel.

C.    Class Counsel and Defendant's Counsel will coordinate with the Settlement Administrator to provide the Class Notice to the Class Members, as provided by the Preliminary Approval Order. The Settlement Administrator shall administer the Settlement in accordance with the terms of this Settlement Agreement and, without limiting the foregoing, shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications, or other information to any person or entity except to counsel for the Parties, as provided for in this Settlement Agreement or by Court order.

## VII.    FINAL APPROVAL

A.    <u>Motion for Final Approval.</u> Plaintiff must apply for Court approval of the Final Order and Judgment no later than the date set forth in the Preliminary Approval Order, which application shall request final approval of the Settlement Agreement.  Unless otherwise agreed to by the Parties in writing, Class Counsel shall provide Defendant's Counsel with drafts of the moving papers requesting final approval for review at least five (5) business days before the motion is filed.

B.    Among other terms mutually agreed by the Parties and approved by the Court, the Final Order and Judgment shall enter a final judgment:

1.    determining that the Settlement is fair, reasonable, and adequate;

2.    certifying the Litigation as a settlement class action under Rule 23(b)(3) and (e) of the Federal Rules of Civil Procedure;

3.    determining that the Class Notice provided through the Settlement Administrator, satisfied due process and Rule 23 of the Federal Rules of Civil Procedure so as to bind the Class Members and fully and finally resolve the Litigation;

4.    permanently enjoining Class Members from commencing or prosecuting, either directly or indirectly, any action asserting any of the Released Claims as defined in Section VIII; and

5.    retaining exclusive jurisdiction over the Parties, the Administrative Account, the Class Members who do not request exclusion pursuant to Section IX of this Agreement, and all objectors to enforce the Settlement Agreement and Final Order and Judgment according to their terms.

C.    <u>Litigation Status if Settlement Not Approved.</u> This Settlement Agreement is being entered into for settlement purposes only.  If the Court conditions its approval of the Final Order and Judgment on any material modifications of this Settlement Agreement that are not acceptable to Defendant  and/or to Plaintiff, if the Court does not approve the Settlement or enter the Final Order and Judgment, or if the Effective Date does not occur for any reason (including any reversal of the Final Order and Judgment by an appellate court or remand wherein the material terms herein are not reinstated), then this Settlement Agreement and the Settlement will be deemed null and void *ab initio*.  In that event: (a) the Preliminary Approval Order, Final Order and Judgment, and any other order post-dating preliminary approval of the Settlement and all of their provisions will be vacated ("Denial Date"), including, but not limited to, the conditional certification of the Class, conditional appointment of Plaintiff as Class Representative, and conditional appointment of Class Counsel as Class Counsel; (b) the Litigation will revert to the status that existed before the Settlement Agreement's execution date and the Parties shall not have waived any of their claims or defenses; (c) no term or draft of this Settlement Agreement or any part of the Parties' settlement discussions, negotiations, or documentation will have any effect, be admissible into evidence, or be subject to discovery for

21

any purpose in the Litigation or any other proceeding; (d) Defendant shall retain all of its rights to object to the maintenance of the Litigation as a class action; and (e) all amounts paid by Defendant into the Administration Account will be returned to Defendant within five (5) calendar days of the Denial Date, subject to the provisions in Section XIII of this Agreement.

## VIII.  RELEASES AND ACKNOWLEDGMENTS

A.    <u>Releases</u>. As of the entry of the Final Judgment and Order, Plaintiff and the Class Members will release Defendant and the Released Parties, including without limitation Ulta Salon Cosmetics & Fragrances, Inc., from any and all claims, demands, actions, causes of actions, individual actions, class actions, damages, obligations, liabilities, appeals, reimbursements, penalties, costs, expenses, attorneys' fees, liens, interest, injunctive or equitable claims and/or administrative claims, whether known or unknown, filed or unfiled, asserted or unasserted, regardless of the legal theories involved, that were brought or could have been brought in the Litigation that relate in any manner to the alleged misrepresentations concerning whether the Subject Products contained sulfates and/or salts, and Plaintiff and Class Members expressly waive and relinquish all such claims or causes of action to the fullest extent permitted by law, including under Massachusetts General Laws Chapter 93A.

B.    **Acknowledgements**.  Plaintiff, on behalf of herself and the Class Members, hereby:

1.    acknowledges, represents, covenants, and warrants that the obligations imposed by Releases shall be forever binding, and that the Releases may not be modified, amended, annulled, rescinded, or otherwise changed unless in writing signed and notarized by duly authorized representative of Defendant to which the modification, amendment, annulment, rescission, or change applies, and which writing expressly refers to the Releases and this Settlement Agreement;

2.    acknowledges, represents, covenants, and warrants that she has not made any assignment of any right, claim, or cause of action covered by the Releases to any individual, corporation, or any other legal entity whatsoever;

22

3.      acknowledges, represents, covenants, and warrants that she has full power, competence, and authority to execute and deliver the Releases; and

4.      acknowledges, represents, covenants, and warrants, to the extent the Releases may be deemed a general release, that Plaintiff and the Class Members waive and release any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code which provides that "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS A CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS [OR HER] FAVOR AT THE TIME OF EXECUTING A RELEASE, WHICH IF KNOWN BY HIM [OR HER] MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR" or any other similar federal or state law.

5.      acknowledges, represents, covenants, and warrants that (i) she fully understands the facts on which the Settlement Agreement is executed may be different from the facts now believed by her and her counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts that later may be discovered; and (ii) she hereby waives any right or ability to challenge the Settlement upon the discovery of any new facts, any additional claims, or a change in the law regardless of why or how such facts, claims, or law was/were not otherwise known to them prior to executing and agreeing to this Settlement Agreement

6.      acknowledges, represents, covenants, and warrants that the Releases and acknowledgments above were bargained for and is an essential and material element of this Agreement,

## IX.    REQUEST FOR EXCLUSION BY CLASS MEMBERS

A.      Any Class Member may make a request to be excluded from the Agreement ("Request for Exclusion") by mailing or delivering such request in writing to the Settlement Administrator.

B.      Any Request for Exclusion must be postmarked or actually delivered not later than the date to be set in the Preliminary Approval Order. The Request for Exclusion shall (1) state the Class Member's full name and current address; (2) specifically state the Class Member's desire to be excluded from the Class; and (3) be signed personally by the Class Member. Failure to comply with these requirements and to timely submit the Request for Exclusion will result in the Class Member being bound by the terms of this Agreement.

C.      Any Class Member who submits a timely Request for Exclusion may not file an Objection and shall be deemed to have waived any rights or benefits under this Agreement.

D.      The Settlement Administrator shall provide a copy of any Request for Exclusion to Class Counsel and Defendant's Counsel within ten (10) days after receipt of such Request for Exclusion.

E.      Class Counsel shall provide the names and addresses of those Class Members seeking exclusion to the Court within 115 days of the entry of the Preliminary Approval Order.

F.      In the event that more than 800 Class Members submit a proper and timely Request for Exclusion, Defendant shall have the option to void this Agreement by providing written notice to Class Counsel within fifteen (15) days of the final date by which such exclusions forms are due.  In such event, subject to the provisions regarding termination of the Agreement in Section XIII, each Party shall return to its respective pre-settlement posture without prejudice or waiver to any Party's pre-settlement position on any legal or factual issue.

X.      **OBJECTIONS BY CLASS MEMBERS**

A.      As set forth in the Class Notice, any Class Member who wishes to object to any provision of this Agreement must file a written notice of objection (an "Objection") with the Court no later than the date to be set in the Preliminary Approval Order ("Objection Date") and must serve the objection on Class Counsel and Defendant's Counsel.

B.      To state a valid Objection, a Class Member must include the following information in the Objection: (1) full name, current address, and current telephone number; (2) documentation sufficient to establish membership in the Class; (3) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (4) a statement of the basis for the Objection, including the factual and legal grounds for the position; (5) copies of any documents supporting the Objection; (6) the identity of all counsel who

24

represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application; (7) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; and (8) the number of times in which the objector, the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which such prior objections have been made, and a copy of any orders related to or bearing upon such prior objections that were issued by the trial and appellate courts in each listed case. The Class Member must personally sign the objection (an attorney's signature is not sufficient).

      C.      Subject to the approval of the Court, any Class Member filing an Objection may appear, in person or by counsel, at the hearing on the Final Judgment and Order. However, to be eligible for appearance at the hearing, such Class Member must file with the Court and serve upon all counsel designated in the Class Notice, a notice of intention to appear at the hearing on the Final Judgment and Order ("Notice of Intention to Appear") by the Objection Date. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the Class Member or counsel will present to the Court. Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with these specifications, subject to approval by the Court, may be deemed to have waived any objections to the Agreement and may be barred from speaking or otherwise presenting any views at the hearing on the Final Judgment and Order.

      D.      Class Counsel agrees that it will be solely responsible for defending this Agreement and the Final Judgment and Order in the event of an appeal or challenge by a Class

Member or any other individual or entity. Defendant will make a filing either joining and/or not opposing Class Counsel's defense.

## XI.    EXCLUSIVE REMEDY

A.    This Agreement shall provide the sole and exclusive remedy for any and all Released Claims of Class Members who do not request exclusion pursuant to Section IX of this Agreement. Upon entry of the Final Judgment and Order, each Class Member who does not request exclusion pursuant to Section IX of this Agreement shall be barred from initiating, asserting, or prosecuting against any of the Released Parties any Released Claims.

B.    The Court shall retain exclusive and continuing jurisdiction over the Action, over all Parties to the Action, and over Class Members who do not request exclusion pursuant to Section IX of this Agreement to interpret and enforce the terms, conditions, and obligations of the Final Judgment and Order and this Agreement.

## XII.    REPRESENTATIONS AND WARRANTIES

A.    Class Counsel represent and warrant that they have the authority, on behalf of Plaintiff, to execute, deliver, and perform this Agreement and to consummate all of the transactions contemplated hereby. This Agreement has been duly and validly executed and delivered by Class Counsel and Plaintiff and constitutes their legal, valid, and binding obligation.

B.    Defendant, through their undersigned attorneys, represents and warrants that they have the authority to execute, deliver, and perform this Agreement and to consummate the transactions contemplated hereby. This Agreement has been duly and validly executed and delivered by Defendant and constitutes their legal, valid, and binding obligation.

## XIII.    TERMINATION

A.    In addition to the circumstances outlined above that entitle the Parties to terminate this Agreement, either Party shall have the right to terminate this Agreement in the event that the

Court or any appellate court, rejects, denies approval, or modifies the Agreement or any portion of the Agreement in a material way.

B.      If any Party elects to terminate the Agreement under this provision, the Party shall provide the other Party with notice of the termination fifteen (15) days after the event or action that gives rise to the termination. In such event, each Party shall return to its respective pre-settlement posture without prejudice or waiver to any Party's pre-settlement position on any legal or factual issue.  No portion of the Gross Settlement Amount that has already been incurred for Notice and Administrative Costs or necessary taxes and expenses in connection with the maintenance of the Administration Account will be returned to Defendant even if the Court does not grant Final Approval or the Effective Date does not occur.

## XIV.    BEST EFFORTS

A.      The Parties and their counsel agree to cooperate fully with one another and to use their best efforts to effectuate the Settlement and administration of the claims hereunder, including, without limitation, by seeking or not objecting to preliminary and final Court approval of this Settlement Agreement and the Settlement embodied herein, by carrying out the terms of this Settlement Agreement, and by promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

B.      The Parties and their counsel understand and agree that the administration of a class action lawsuit can be complex and that, from time to time after the entry of the Final Order and Judgment, unique, non-material issues with respect to individual Class Members may arise that are not directly covered by the terms of this Settlement Agreement.  In the event any such non-material issues arise, the Parties and their counsel agree to cooperate fully with one another

and to use their respective best efforts to come to agreement, which agreement shall not be unreasonably withheld.

C.      Any requests for cooperation shall be narrowly-tailored and reasonably necessary for the requesting party to recommend the Settlement to the Court and to carry out its terms.

## XV.    MISCELLANEOUS PROVISIONS

A.      This Settlement Agreement reflects the Parties' compromise and settlement of disputed claims.  Its provisions and all related drafts, communications, discussions, and any material provided by Defendant during the Parties' negotiations cannot be construed as or deemed to be evidence of an admission or concession of any point of fact or law (including, but not limited to, matters respecting class certification) by any person or entity and cannot be offered or received into evidence in any other action or proceeding as evidence of an admission or concession, except as necessary to enforce the Settlement Agreement.  Defendant expressly denies (a) any and all liability, culpability, and wrongdoing with respect to the Litigation and matters alleged therein and (b) that the Litigation could be certified and maintained as a class action under Federal Rule of Civil Procedure 23 or other state rule of procedure or law other than by way of settlement.

B.      The Recitals are incorporated by this reference and are part of the Settlement Agreement.

C.      The headings of the sections and paragraphs of this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

D.      Capitalized words, terms, and phrases are used as defined in Section I, above.

E.      This Agreement may not be modified or amended except in writing and signed by all of the Parties.

F.    This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

G.    Except as otherwise provided in this Agreement, each Party bears his, her, or its own attorneys' fees, costs and expenses of the Litigation and in connection with this Agreement.

H.    The Parties to this Agreement reserve the right to correct any inadvertent, non-substantive mistakes or typographical errors contained in the Agreement or the Exhibits.

I.    The Parties execute this Settlement Agreement voluntarily and without duress or undue influence.  All of the Parties warrant and represent that they are agreeing to the terms of this Settlement Agreement based upon the legal advice of their respective counsel, that they have been afforded the opportunity to discuss the contents of this Settlement Agreement with their counsel, and that the terms and conditions of this document are fully understood and voluntarily accepted.

J.    To the extent permitted by law, this Settlement Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted, or attempted in breach of or contrary to this Settlement Agreement or the Final Order and Judgment entered in the Litigation. The administration and consummation of the settlement embodied in this Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Agreement, including but not limited to, the release. The Court expressly retains jurisdiction to enter such further orders as may be necessary or appropriate in the administering and implementing the terms and provisions of the Agreement. The Parties do not intend by this provision to give the Court authority to change any term or condition of this Agreement over the objection of any Party.

K.      The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel. Since this Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. The Parties were represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Agreement, and there was no disparity in bargaining power among the Parties to this Agreement.

L.      This Agreement constitutes the entire, fully integrated agreement among the Parties and cancels and supersedes all prior written and unwritten agreements and understandings pertaining to the settlement of the Litigation.

M.      Except where time periods set forth herein explicitly reference "business days," all time periods set forth herein shall be computed in calendar days, inclusive of any weekends and holidays. In computing any period of time prescribed or allowed by this Agreement, the day of the act, or default, from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or Court holiday, in which event the period shall run until the end of the next day that is not one of the aforementioned days. Each of the Parties reserves the right, subject to the Court's approval, to seek any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement, and to modify or supplement any notice contemplated hereunder.

N.      Any failure by any of the Parties to insist upon the strict performance by any of the other Parties of any of the provisions of this Agreement shall not be deemed a waiver of any

provision of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions herein.

O.    All notices to the Parties or counsel required by this Agreement shall be made in writing and communicated by electronic and regular mail to the following addresses (unless one of the Parties subsequently designates one or more other designees):

**For Plaintiff and Class Counsel:**

Edward F. Haber
Patrick J. Vallely
SHAPIRO HABER & URMY LLP
Two Seaport Lane
Boston, MA 02210
Telephone: 617-439-3939
ehaber@shulaw.com

**For Defendant and Defendant's Counsel:**

Keith E. Smith (*pro hac vice*)
David G. Thomas (BBO #640854)
GREENBERG TRAURIG, LLP
One International Place
Boston, Massachusetts 02110
(617) 310-6000
(617) 310-6001 Fax
thomasda@gtlaw.com

**IN WITNESS WHEREOF**, the Parties and their representatives have executed this Agreement as of the dates(s) indicated on the lines below.

Dated: 10/18/18 _____

_____
Molly Crane, Plaintiff

Dated: 10-18-18 _____

_____
Edward F. Haber, Class Counsel
ehaber@shulaw.com
Patrick J. Vallely, Class Counsel
pvallely@shulaw.com
SHAPIRO HABER & URMY LLP
2 Seaport Lane
Boston, MA 02210
Telephone: 617-439-3939

*Counsel for Plaintiff and the Class*

31

Dated: October 18, 2018

_____

Sexy Hair Concepts, LLC, Defendant
By its Attorneys:
Keith E. Smith (authorized to execute on behalf of
Sexy Hair Concepts, LLC)
Greenberg Traurig, LLP
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
(215) 988-7800

Dated: October 18, 2018

_____

Keith E. Smith (*pro hac vice*)
smithkei@gtlaw.com
David G. Thomas (BBO #640854)
ThomasDa@gtlaw.com
GREENBERG TRAURIG, LLP
One International Place
Boston, Massachusetts 02110
(617) 310-6000
(617) 310-6001 Fax

***Counsel for Defendants, Sexy Hair Concepts, LLC
and Ulta Beauty, Inc.***

Exhibit "1"

**CRANE v. SEXY HAIR CONCEPTS, LLC**

**PARTIAL LIST OF SUBJECT PRODUCTS**

| Item No | Description | Brand | Product | UPC Code |
|---------|-------------|-------|---------|----------|
| 15ESHASF02 | BSH Extra Volumizing Shampoo - 1.7 oz | Big Sexy Hair | BSH Extra Volume Shampoo | 646630012282 |
| 15ESHASF10 | BSH Extra Volumizing Shampoo - 10.1 oz | Big Sexy Hair | BSH Extra Volume Shampoo | 646630012299 |
| 15ESHASF128 | BSH Extra Volumizing Shampoo - 128 oz | Big Sexy Hair | BSH Extra Volume Shampoo | 646630012312 |
| 15ESHASF33 | BSH Extra Volumizing Shampoo - 33.8 oz | Big Sexy Hair | BSH Extra Volume Shampoo | 646630012305 |
| 15SHASF02 | BSH Volumizing Shampoo - 1.7 oz | Big Sexy Hair | BSH Shampoo | 646630012244 |
| 15SHASF10 | BSH Volumizing Shampoo - 10.1 oz | Big Sexy Hair | BSH Shampoo | 646630012251 |
| 15SHASF128 | BSH Volumizing Shampoo - 128 oz | Big Sexy Hair | BSH Shampoo | 646630012275 |
| 15SHASF128P | BSH Volumizing Shampoo - 128 oz | Big Sexy Hair | BSH Shampoo | 646630151462 |
| 15SHASF33 | BSH Volumizing Shampoo - 33.8 oz | Big Sexy Hair | BSH Shampoo | 646630012268 |
| 19SHASF02 | CSH Curl Defining Shampoo - 1.7 oz | Curly Sexy Hair | CSH Shampoo | 646630012442 |
| 19SHASF10 | CSH Curl Defining Shampoo - 10.1 oz | Curly Sexy Hair | CSH Shampoo | 646630012459 |
| 19SHASF128 | CSH Curl Defining Shampoo - 128 oz | Curly Sexy Hair | CSH Shampoo | 646630012473 |
| 19SHASF33 | CSH Curl Defining Shampoo - 33.8 oz | Curly Sexy Hair | CSH Shampoo | 646630012466 |
| 34SHASF02 | HSH Soy Moisturizing Shampoo - 1.7 oz | Healthy Sexy Hair | HSH Shampoo | 646630012367 |
| 34SHASF10 | HSH Soy Moisturizing Shampoo - 10.1 oz | Healthy Sexy Hair | HSH Shampoo | 646630012374 |
| 34SHASF128 | HSH Soy Moisturizing Shampoo -128 oz | Healthy Sexy Hair | HSH Shampoo | 646630012398 |
| 34SHASF128P | HSH Soy Moisturizing Shampoo - 128 oz | Healthy Sexy Hair | HSH Shampoo | 646630151486 |
| 34SHASF33 | HSH Soy Moisturizing Shampoo - 33.8 oz | Healthy Sexy Hair | HSH Shampoo | 646630012381 |
| 38SHA01 | SmSH Smoothing Shampoo - 1.7 oz | Smooth Sexy Hair | SmSH Shampoo | 646630013708 |
| 38SHA10 | SmSH Smoothing Shampoo - 10.1 oz | Smooth Sexy Hair | SmSH Shampoo | 646630013715 |
| 38SHA33 | SmSH Smoothing Shampoo - 33.8 oz | Smooth Sexy Hair | SmSH Shampoo | 646630013722 |
| 39BOMSHA01 | BLSH Bombshell Blonde Shampoo - 1.7 oz | Blonde Sexy Hair | BISH Bombshell Shampoo | 646630014477 |
| 39BOMSHA10 | BLSH Bombshell Blonde Shampoo - 10.1 oz | Blonde Sexy Hair | BISH Bombshell Shampoo | 646630014484 |
| 39BOMSHA33 | BLSH Bombshell Blonde Shampoo - 33.8 oz | Blonde Sexy Hair | BISH Bombshell Shampoo | 646630014491 |
| 39BRISHA01 | BLSH Bright Blonde Shampoo 1.7 oz. | Blonde Sexy Hair | BISH Bright Shampoo | 646630014453 |
| 39BRISHA10 | BLSH Bright Blonde Shampoo 10.1 oz. | Blonde Sexy Hair | BISH Bright Shampoo | 646630014460 |
| 39BRISHA33 | BLSH Bright Blonde Shampoo - 33.8oz | Blonde Sexy Hair | BISH Bright Shampoo | 646630015108 |
| 41SHA01 | VSH Color Lock Shampoo - 1.7 oz. | Vibrant Sexy Hair | VSH Shampoo | 646630015177 |
| 41SHA10 | VSH Color Lock Shampoo - 10.1 oz. | Vibrant Sexy Hair | VSH Shampoo | 646630015184 |
| 41SHA33 | VSH Color Lock Shampoo - 33.8oz. | Vibrant Sexy Hair | VSH Shampoo | 646630015191 |
| 15CONSF02 | BSH Volumizing Conditioner - 1.7 oz | Big Sexy Hair | BSH Conditioner | 646630012329 |
| 15CONSF10 | BSH Volumizing Conditioner - 10.1 oz | Big Sexy Hair | BSH Conditioner | 646630012336 |
| 15CONSF128 | BSH Volumizing Conditioner - 128 oz | Big Sexy Hair | BSH Conditioner | 646630012350 |
| 15CONSF128P | BSH Volumizing Conditioner - 128 oz W/ PUMP | Big Sexy Hair | BSH Conditioner | 646630151479 |
| 15CONSF33 | BSH Volumizing Conditioner - 33.8 oz | Big Sexy Hair | BSH Conditioner | 646630012343 |
| 19CONSF02 | CSH Curl Defining Conditioner - 1.7 oz | Curly Sexy Hair | CSH Conditioner | 646630012480 |
| 19CONSF10 | CSH Curl Defining Conditioner - 10.1 oz | Curly Sexy Hair | CSH Conditioner | 646630012497 |
| 19CONSF128 | CSH Curl Defining Conditioner - 128 oz | Curly Sexy Hair | CSH Conditioner | 646630012510 |
| 19CONSF33 | CSH Curl Defining Conditioner - 33.8 oz | Curly Sexy Hair | CSH Conditioner | 646630012503 |
| 34CONSF02 | HSH Soy Moisturizing Cond.-1.7 oz | Healthy Sexy Hair | HSH Conditioner | 646630012404 |
| 34CONSF10 | HSH Soy Moisturizing Cond.- 10.1 oz | Healthy Sexy Hair | HSH Conditioner | 646630012411 |
| 34CONSF128 | HSH Soy Moisturizing Cond.-128 oz | Healthy Sexy Hair | HSH Conditioner | 646630012435 |
| 34CONSF128P | HSH Soy Moisturizing Cond.- 128 oz | Healthy Sexy Hair | HSH Conditioner | 646630151493 |
| 34CONSF33 | HSH Soy Moisturizing Cond.- 33.8 oz | Healthy Sexy Hair | HSH Conditioner | 646630012428 |
| 38CON01 | SmSH Smoothing Conditioner - 1.7 oz | Smooth Sexy Hair | SmSH Conditioner | 646630013739 |
| 38CON10 | SmSH Smoothing Conditioner - 10.1 oz | Smooth Sexy Hair | SmSH Conditioner | 646630013746 |
| 38CON33 | SmSH Smoothing Conditioner - 33.8 oz | Smooth Sexy Hair | SmSH Conditioner | 646630013753 |
| 39CON01 | BLSH Bombshell Blonde Con - 1.7 oz | Blonde Sexy Hair | BISH Bombshell Conditioner | 646630014507 |
| 39CON10 | BLSH Bombshell Blonde Cond- 10.1 oz | Blonde Sexy Hair | BISH Bombshell Conditioner | 646630014514 |
| 39CON33 | BISH Bombshell Blonde Cond- 33.8 oz | Blonde Sexy Hair | BISH Bombshell Conditioner | 646630014521 |
| 41CON01 | VSH Color Lock Conditioner - 1.7 oz | Vibrant Sexy Hair | VSH Conditioner | 646630015207 |
| 41CON10 | VSH Color Lock Conditioner - 10 oz. | Vibrant Sexy Hair | VSH Conditioner | 646630015214 |
| 41CON33 | VSH Color Lock Conditioner - 33.8 oz. | Vibrant Sexy Hair | VSH Conditioner | 646630015221 |

**EXHIBIT 1**

Exhibit "2"

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MOLLY CRANE, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>     Plaintiff,<br><br>v.<br><br>SEXY HAIR CONCEPTS, LLC, and ULTA SALON COSMETICS & FRAGRANCE, INC.,<br>     Defendants. | **Case 1:17-cv-10300** |

## [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT, CERTIFYING THE CLASS, AND AUTHORIZING CLASS NOTICE

Plaintiff Molly Crane ("Plaintiff"), on behalf of herself and the Class, and defendants Sexy Hair Concepts, LLC ("SHC") and Ulta Salon Cosmetics & Fragrance, Inc. ("Ulta")(collectively "Defendants")[1] have agreed to a settlement of the class action claims asserted in this action by Plaintiff against Defendants,[2] the terms and conditions of which are set forth in an executed Settlement Agreement and Release that was filed with this Court on _____, 2018 (the "Settlement"). The Parties reached the Settlement through arms-length negotiations following private mediation. Under the Settlement, and subject to Court approval, the Plaintiff and the Class would fully and finally release all claims asserted in this Action against the Defendants in exchange for Defendants' payment of the sum of $2,330,000.00 into a common fund for the benefit of the Class, from which would be paid all amounts due to Class

---

[1] Ulta consents to the Settlement and has agreed to provide the information required of ¶14 of this Order and §IV(B) of the Settlement Agreement and to cooperate with the Settlement Administrator as reasonably necessary to carry out the terms of the Settlement,

[2] Capitalized terms not defined in this Order have the meanings set forth in the Settlement.

Members under the Settlement, including any attorneys' fees and costs to Class Counsel or Incentive Award to the Plaintiff that may hereafter be allowed by the Court.

Plaintiff has filed a Motion for Preliminary Approval of Class Settlement and for Certification of a Class (the "Motion"). Upon considering the Motion and exhibits thereto, the Settlement, the record in these proceedings, the representations and recommendations of Class Counsel, and the requirements of law, the Court finds and Orders as follows:

## I.    JURISDICTION AND VENUE

1.    The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332.

2.    Venue is proper in this District.

## II.    PROVISIONAL CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

3.    The Court finds, for settlement purposes, that the requirements of Federal Rule of Civil Procedure 23 are satisfied and that conditional certification of the proposed Class is appropriate. The Court therefore provisionally certifies the following Class (which includes terms defined in the Settlement):

> All purchasers of any of the Subject Products as defined below during the period between November 19, 2002 through the Effective Date (defined below), excluding any purchases made for purposes of resale. Excluded from the Class are (i) those Class Members who have previously resolved their claims through return of product, settlement, or final judgment, (ii) all persons who are officers or directors of Defendant, and (iii) Judges of the Court.

4.    Specifically, the Court finds, for settlement purposes only, that the Class satisfies the following requirements under Federal Rule of Civil Procedure 23:

> (a)    the members of the Class are so numerous that joinder of all members is impracticable;
>
> (b)    there are questions of law and fact common to the Class;

2

(c)     the claims and defenses of the Plaintiff are typical of the Class;

(d)     the Plaintiff and Class Counsel will fairly and adequately protect the interests of the Class; and

(e)     the Action satisfies the requirements of Fed. R. Civ. P. 23(b)(3) in that there are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.     The Court appoints Molly Crane as class representatives.

6.     The Court appoints the following persons and entity as Class Counsel:

> **Shapiro Haber & Urmy LLP**
> Edward F. Haber
> Patrick J. Vallely
> 2 Seaport Lane
> Boston, MA 02210
> Telephone: (617) 439-3939
> Facsimile: (617) 439-0134
> ehaber@shulaw.com
> pvallely@shulaw.com

## III.     PRELIMINARY APPROVAL OF THE SETTLEMENT

7.     This Court preliminarily approves the Settlement as fair, reasonable, and adequate, and as in the best interests of all Class Members, for the following reasons: *First,* the Parties negotiated the settlement fairly and honestly at arms' length and with the assistance of an experienced mediator and experienced counsel. *Second,* serious questions of law and fact exist, as reflected in Defendants' motions to dismiss the case and their affirmative defenses asserted in their answers to the complaint. *Third,* an immediate recovery is valuable to the Class, given the potential need for protracted litigation to resolve all factual and legal disputes among the Parties. *Fourth*, the Parties have offered their reasoned and well-supported judgment that the settlement is fair and reasonable to the Class.

8.    The Court also preliminarily finds that the plan for distribution of the Settlement Fund, as set forth in the Settlement, is fair and equitable.

9.    Because the Settlement is fair, reasonable, and adequate, it is therefore appropriate to Order that notice of the Settlement be given to the Class and to schedule a final approval hearing to assist the Court in determining whether to grant final approval to the Settlement and enter final judgment.

10.    The Court therefore preliminarily approves the Settlement, and the exhibits appended to the Settlement, as fair, reasonable, and adequate.

## IV.    APPROVAL OF NOTICE AND NOTICE PROGRAM AND DIRECTION TO EFFECTUATE NOTICE

11.    The Court approves the form and content of the Notice to be provided to the Class, as reflected in the forms appended as Exhibits 4, 5, and 6 to the Settlement. The Court further finds that the Notice Program, described in the Settlement is the best practicable under the circumstances. The Notice Program is reasonably calculated under the circumstances to apprise the Class of (a) the pendency of the Action; (b) the Court's preliminary certification of a Class; (c) the terms of the Settlement and the Class Members' rights to opt-out of the Class or to object to the Settlement; (d) the maximum amount of Class Counsel's expected application for attorneys' fees and reimbursement of expenses; and (e) the expected request for an Incentive Award for the Plaintiff. The Notice and Notice Program constitute sufficient notice to all persons entitled to notice. The Notice and Notice Program satisfy all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

12.    The Court appoints KCC, LLC as the Settlement Administrator to perform the duties set out in the Settlement Agreement or any further duties Ordered by the Court in connection with the administration of the Settlement.

13. The Settlement Administrator shall implement the Notice Program, as set forth below and in the Settlement, using the forms of Notice appended as Exhibits 4, 5, and 6 to the Settlement and approved by this Order. The Notice Program shall include (i) the provision of reasonable electronic and U.S. mail postcard notice to known class members; (ii) a Settlement Website containing a long-form notice, significant pleadings from the Action, and contact information for Class counsel; and (iii) publication notice as set forth in the Settlement and the affidavit of Carla Peak submitted in support of Plaintiff's motion for preliminary approval.

## V.     MAILED NOTICE PROGRAM

14. No later than 10 days of this Order, Defendants shall provide to the Settlement Administrator the names of any Class Members that can be identified through Defendants' records as having purchased a Subject Product during the Class Period, any available physical mailing addresses and/or e-mail address for such Class Members, and data identifying the number of Subject Products each such Class Member purchased during the Class Period that have not been returned.

15. The Settlement Administrator shall run any physical mailing addresses it receives from Defendants through the National Change of Address Database.

16. Within 45 days of this Order, the Settlement Administrator shall send via e-mail a notice in the form attached to the Settlement as Exhibit 6 to Class Members for whom Defendants provide an email address.

17. Within 45 days of this Order, the Settlement Administrator shall send via regular mail the notice in the form attached to the Settlement as Exhibit 6 to Class Members for whom Defendants provide no email address but have provided a physical mail address.

18. The Settlement Administrator shall perform reasonable address traces for all notices sent by U.S. mail that are returned as undeliverable. No later than 75 days after this

Order, the Settlement Administrator shall complete the re-mailing of notice in the form attached to the Settlement as Exhibit 6 to Class Members for whom Defendants provide no email address but have provided a physical mail address, and for whom the Settlement Administrator has performed a successful trace.

19.    Within 75 days of this Order, the Settlement Administrator shall provide Class Counsel and Defendants' counsel a declaration that confirms the Settlement Administrator has completed in a timely manner the notice approved by this Order. Class Counsel shall file that declaration with the Court in conjunction with the Plaintiff's motion for final approval of the settlement.

## VI.    PUBLICATION NOTICE AND SETTLEMENT WEBSITE

20.    Within 45 days of this Order, the Settlement Administrator shall complete the publication notice program as set forth in the declaration of the Settlement Administrator submitted with Plaintiff's motion for preliminary approval.

21.    Within 45 days of this Order, the Settlement Administrator shall establish and launch a Settlement Website as a further means for Class Members to obtain notice of, and information about, the Settlement. The Settlement Website shall include hyperlinks to the Settlement Agreement, the long-form notice attached as **Exhibit 4** to the Settlement Agreement, this Order, and such other documents as Class Counsel and Defendants' Counsel agree to post or that the Court Orders posted on the Settlement Website. These documents shall remain on the Settlement Website at least until one-hundred and twenty (120) days after the expiration of the last settlement benefit check mailed to any Claimant.

22.    In addition to providing notice to the Class, the Settlement Website shall permit Class Members to submit a claim online using a web-based version of the claim form attached to the Settlement Agreement as Exhibit 7, which will permit Class Members to fill out and sign the

Claim Form directly on the website and to upload any proof of purchase to submit with the Claim Form.

23.     The Settlement Administrator shall establish and maintain an automated toll-free telephone line for Class Members to call with settlement-related inquiries and answer the questions of Class Members who call with or otherwise communicate such inquiries.

## VII.    FINAL APPROVAL HEARING, OPT-OUTS, AND OBJECTIONS

24.     The Court directs that a Final Approval Hearing will take place on _____, 2019, at _____ a.m./p.m., to assist the Court in determining whether to grant Final Approval to the Settlement and whether to grant Class Counsel's application for attorneys' fees and request for an Incentive Award for the Plaintiff.

25.     Any person within the Class who wishes to be excluded from the Class may exercise their right to opt-out of the Class by following the opt-out procedures set forth in the long-form notice attached as Exhibit 4 to the Settlement Agreement. To be valid and timely, opt-out requests must be postmarked on or before 105 days after this Order. To be considered valid, Opt-Out requests must include:

(a)     the full name, telephone number and address of the person seeking to be excluded from the Class;

(b)     a statement that such person wishes to be excluded from the Settlement in *Crane v. Sexy Hair Concepts, LLC,* No. 17-cv-10300 (D. Mass.); and

(c)     the signature of the person seeking to be excluded from the Class.

26.     Any notice sent by regular mail or e-mail to Class Members, and the long-form notice available on the Settlement Website, shall specify the date by which requests for exclusion must be postmarked. All persons within the Class who do not timely and validly opt-out of the Class shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases set forth in the Settlement Agreement.

7

27.     Any person in the Class who does not opt out of the Class may object to the Settlement, Class Counsel's application for attorneys' fees and reimbursement of expenses, and/or the request for Incentive Award for the Plaintiff. Any person so objecting must mail his or her objection to the Clerk of the Court, Class Counsel, and Defendants' Counsel, at the addresses indicated in the notice. For the Court to consider such an objection, it must be postmarked no later than 105 days after this Order, and must include the following information:

(a)     full name, current address, and current telephone number of the objectors;

(b)     documentation sufficient to establish the objector's membership in the Class;

(c)     a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

(d)     a statement of the basis for the objection, including the factual and legal grounds for the position;

(e)     copies of any documents supporting the objection;

(f)     the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

(g)     any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; and

(h)     the number of times in which the objector, the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which such prior objections have been made, and a copy of any orders related to or bearing upon such prior objections that were issued by the trial and appellate courts in each listed case.

## VIII.   FURTHER PAPERS IN SUPPORT OF SETTLEMENT AND FEE APPLICATION

28.     The Plaintiff shall file her motion for final approval of the Settlement, and Class Counsel shall file their application for attorneys' fees and reimbursement of expenses and request for an Incentive Award for the Plaintiff, no later than 75 days after this Order.

29.     The Plaintiff shall file any responses to timely filed objections to the motion for final approval of the Settlement and the application for attorneys' fees and reimbursement of expenses and request for an Incentive Award no later than 115 days following this Order.

## IX.     STAY/BAR OF OTHER PROCEEDINGS

30.     All proceedings in the Action are hereby stayed until further Order of the Court, except as may be necessary to implement the terms of the Settlement.

31.     Upon entry of this Order, all Class Members will be preliminarily barred and enjoined from asserting, instituting, or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Released Parties. Upon entry of a Final Approval Order, all Class Members will be forever barred and enjoined from taking any action in violation of this provision.

## X.     SUMMARY OF SCHEDULE FOR SETTLEMENT APPROVAL

32.     Based on the foregoing, the Court sets the following schedule for the final approval hearing and the actions that must precede it:

(a)     Defendants must provide to the Settlement Administrator the information set forth in the Settlement Agreement concerning the identification of known purchasers and the number of Subject Products purchased no later than _____ [10 days after this Order];

(b)     The Settlement Administrator shall establish the Settlement Website, complete the publication notice, send all e-mail and U.S. mail notice to known Class Members, and establish a toll-free telephone line no later than _____ [45 days after this Order];

(c)     The Settlement Administrator shall complete remailing of any notice sent by regular mail that is returned to the Settlement Administrator, for any Class Member for whom the Settlement Administrator is able to identify an updated or better address no later than _____ [75 days after this Order];

(d)     Plaintiff shall file her motion for final approval of the Settlement, and Class Counsel shall file their application for attorneys' fees and

9

reimbursement of expenses and request for an Incentive Award for the Plaintiff, no later than _____ [75 days after this Order];

(e)    To receive any settlement benefit, Class Members must either postmark or submit online the Claim Form no later than _____ [105 days after this Order];

(f)    Class Members must file any objections to the Settlement, or to the application for attorneys' fees and reimbursement of expenses and request for an Incentive Award, no later than _____ [105 days after this Order];

(g)    Class Members must file requests for exclusion from the Settlement no later than _____ [105 days after this Order];

(h)    The Plaintiff and/or Class Counsel shall file any responses to timely filed objections no later than _____ [115 days after this Order];

(i)    The Final Approval Hearing will be held on _____ [**no sooner than 140 days after this Order**] at _____ a.m./p.m. in courtroom 2 of the United States District Court for the District of Massachusetts, 1 Courthouse Way, Suite 2300, Boston, MA 02210.


DATED: _____, __, 2018.

                                    **BY THE COURT:**


                                    _____
                                    The Honorable F. Dennis Saylor IV

# Exhibit "3"

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MOLLY CRANE, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>SEXY HAIR CONCEPTS, LLC, and ULTA SALON COSMETICS & FRAGRANCE, INC.,<br>    Defendants. | **Case 1:17-cv-10300** |

## [PROPOSED] FINAL JUDGMENT AND ORDER APPROVING CLASS SETTLEMENT AND CERTIFYING THE CLASS

This matter came before the Court for hearing pursuant to this Court's Order Preliminarily Approving Class Settlement and Certifying the Class dated _____, 2018 ("Preliminary Approval Order"), on the application of the Parties[1] for approval of the Settlement among plaintiff Molly Crane ("Plaintiff"), on behalf of herself and the Class, and defendant Sexy Hair Concepts, LLC ("SHC").  The Court having considered all papers filed and proceedings held herein, and having received declarations attesting to the mailing of the notice and the publication of the long-form notice on the Settlement Website in accordance with the Preliminary Approval Order, and good cause appearing therefore,

**IT IS HEREBY ADJUSTED, DECREED, AND ORDERED:**

**I.    JURISDICTION AND VENUE**

1.    The Court has jurisdiction over the subject matter, the parties to this proceeding, and all Class Members, pursuant to 28 U.S.C. § 1332.

---

[1] Capitalized terms not defined in this order have the meanings set forth in the Settlement.

i

2.      Venue is proper in this District.

## II.      FINAL CERTIFICATION OF THE CLASS

3.      The Court finds that the requirements of Federal Rule of Civil Procedure 23 are satisfied and that certification of the proposed Class is appropriate. The Court therefore grants final certification of the following Class (which includes terms defined in the Settlement):

> All purchasers of any of the Subject Products as defined below during the period between November 19, 2002 through the Effective Date (defined below), excluding any purchases made for purposes of resale. Excluded from the Class are (i) those Class Members who have previously resolved their claims through return of product, settlement, or final judgment, (ii) all persons who are officers or directors of Defendant, and (iii) Judges of the Court.

4.      The Class excludes those persons who timely and validly filed requests for exclusion from the Class pursuant to the notice and as provided in the Court's Preliminary Approval Order. A list of such persons who have filed timely, completed, and valid requests for exclusion from the Class is attached hereto as Exhibit 1. The persons identified in Exhibit 1 are not bound by this final judgment or the terms of the Settlement, and may pursue their own individual remedies against the Released Parties. Such persons are not entitled to any rights or benefits provided to Class Members by the terms of the Settlement.

5.      The Court finds that the Class satisfies the following requirements under Federal Rule of Civil Procedure 23:

> (a)      the members of the Class are so numerous that joinder of all members is impracticable;
>
> (b)      there are questions of law and fact common to the Class;
>
> (c)      the claims and defenses of the Plaintiff are typical of the Class;
>
> (d)      the Plaintiff and Class Counsel will fairly and adequately protect the interests of the Class; and

(e)    the Action satisfies the requirements of Fed. R. Civ. P. 23(b)(3) in that there are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## III.    FINAL APPROVAL OF THE SETTLEMENT

6.    Pursuant to Fed. R. Civ. P. 23(e), this Court finds that the Settlement is, in all respects, fair, reasonable, and adequate, and is in the best interests of all Class Members, for the following reasons: *First,* the Parties negotiated the Settlement fairly and honestly at arms' length and with the assistance of an experienced mediator and experienced counsel. *Second,* serious questions of law and fact exist, as reflected in Defendants' motions to dismiss the case, and their affirmative defenses asserted in their answers to the complaint. *Third,* an immediate recovery is valuable to the Class, given the potential need for protracted litigation to resolve all factual and legal disputes among the Parties. *Fourth*, the Parties have offered their reasoned and well-supported judgment that the settlement is fair and reasonable to the Class.

7.    The Court also finds that the plan for distribution of the Net Settlement Amount, as set forth in the Settlement, is fair and equitable [and overrules any objections to the plan for distribution]. The Settlement Administrator shall perform the distribution to Class Members following the process set forth in Section IV of the Agreement without further order of this Court.

8.    The Court therefore finally approves the Settlement, and the exhibits appended to that Settlement, as fair, reasonable, and adequate.

## IV.    ADEQUACY OF NOTICE

9.    The Court finds that the Class members have been given due and adequate notice of the Settlement and Class Counsel's application for attorneys' fees and request for an Incentive Award for the Plaintiff, in the manner directed by this Court's Preliminary Approval Order.

10.    The Court further finds that the notice program approved in the Court's Preliminary Approval Order and implemented in accordance with that Order was the best practicable under the circumstances. The notice program was reasonably calculated under the circumstances to apprise the Class of (a) the pendency of the Action; (b) the Court's preliminary certification of the Class; (c) the terms of the Settlement and the Class Members' rights to opt-out of the Class or to object to the Settlement; (d) and the maximum amounts of Class Counsel's expected application for attorneys' fees and request for an Incentive Award for the Plaintiff. The notice program provided sufficient notice to all persons entitled to notice. The notice program satisfied all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the constitutional requirement of Due Process.

## V.    ATTORNEYS FEES AND INCENTIVE AWARD

11.    This Court hereby awards Class Counsel attorneys' fees in the amount of $_____, which is equal to ___% of the Gross Settlement Amount, plus reimbursement of their out-of-pocket expenses in the amount of $_____. The Court finds the amount of attorneys' fees and costs awarded herein is fair and reasonable based on: (a) the work performed and costs incurred by Class Counsel; (b) the complexity of the case; (c) the risks undertaken by Class Counsel and the contingent nature of their employment; (d) the quality of the work performed by Class Counsel in this Action and their standing and experience in prosecuting similar class action litigation; (e) awards to successful plaintiff' counsel in other, similar litigation; (f) the benefits achieved for Class Members through the Settlement; and (g) the absence of [any/a significant number of] objection[s] from [any] Class Members to either the application for an award of attorneys' fees or reimbursement of expenses to Class Counsel. The Court also finds that the requested reimbursement of expenses is proper as the expenses incurred by Class Counsel were reasonable and necessary in the prosecution of this Action on behalf of Class Members.

12.     In accordance with the Settlement, the Settlement Administrator shall pay from the Administration Account to Class Counsel all Court-approved attorneys' fees, costs, and expenses of Class Counsel within thirty days of the Effective Date.

13.     All payments of attorneys' fees and reimbursement of expenses to Class Counsel in this Action shall be made from the Gross Settlement Amount, and the Released Parties shall have no liability or responsibility for the payment of Class Counsel's attorneys' fees or expenses except as provided in the Settlement.

14.     This Court also hereby awards to Plaintiff an Incentive Award of $_____.    The Court finds the amount of the Incentive Awards is fair and reasonable based upon her service as class representative on behalf of the Class.

## VI.     RELEASES AND FINAL JUDGMENT

15.     Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Class Members who have not filed timely, completed, and valid requests for exclusion from the Class are Class Members who are bound by this final judgment and by the terms of the Settlement.

16.     The Released Parties are hereby released and forever discharged from any and all of the Released Claims. All Class Members are hereby forever barred and enjoined from asserting, instituting, or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Released Parties. All Class Members are hereby forever barred and enjoined from taking any action in violation of this provision.

17.     Neither the Settlement nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (b) may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court,

administrative agency, or other tribunal; or (c) may be admissible in any proceeding except an action to enforce or interpret the terms of the Settlement or any other documents executed in connection with the performance of the agreements embodied therein. The Released Parties may file the Settlement and/or this final judgment and order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith Settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.    The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19.    Without affecting the finality of this Final Judgment in any way, this Court hereby reserves and retains continuing jurisdiction over: (a) implementation and enforcement of any award or distribution from the Gross Settlement Amount (b) disposition of the Gross Settlement Amount or Net Settlement Amount, including *cy pres* distribution of any funds remaining at the completion of the distribution to Class Members; (c) payment of taxes from the Administration Account; (d) all parties hereto for the purpose of construing, enforcing, and administering the Settlement; and (e) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

20.    This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

DATED: _____, __, 2019.

**BY THE COURT:**

_____

The Honorable F. Dennis Saylor IV

Exhibit "4"

**Court Authorized Notice**

United States District Court for the District of Massachusetts
Molly Crane v. Defendant Concepts, LLC, *et al.*
Case No. 17-cv-10300

**PLEASE READ THIS CLASS CERTIFICATION NOTICE CAREFULLY. IT MAY AFFECT YOUR RIGHTS**

*A court has authorized this notice. This is not a solicitation from a lawyer.*

**A $2.33 million Settlement has been reached in a class action lawsuit claiming that defendants Sexy Hair Concepts, LLC ("SHC" or "Defendant") manufactured, marketed, and sold certain products that were represented to be free of sulfates and/or salts but that, may have contained sulfates and/or salts.**

**Individuals who purchased any of the SHC products labeled as sulfate free or salt free, including the SHC products identified in the list of "Subject Products" affixed to this notice (hereinafter "Subject Products") between November 19, 2012 through the date of Final Approval may be eligible to receive a cash payment upon the submission of a valid claim form, which is attached to this notice.**

**Your legal rights are affected whether you act or do not act. Please read this notice carefully.**

| Summary of Your Legal Rights and Options in This Settlement | |
|---|---|
| **Submit a Claim** | To receive the cash benefit described in this notice, you must submit a claim form by mail (using the form attached to this notice) or online at www.sulfatesettlement.com. |
| **Exclude Yourself** | Get no benefits from the Settlement. This is the only option that allows you to retain your right to bring your own lawsuit against Defendant about the claims in this case. |
| **Object** | Write to the Court and the lawyers for both sides if you do not like the Settlement. The Court will consider your objection in determining whether to approve the Settlement. |
| **Do Nothing** | **Remain in the Settlement and receive no benefits.** |

**The rest of this notice provides further information about the Action, this Settlement, and your legal rights and options in connection with the Settlement. Capitalized terms in this notice are defined in the Settlement Agreement and Release, which is available on the Settlement Website.**

**Questions? Visit www.sulfatesettlement.com**

## BASIC INFORMATION

### 1.  Why did I get this notice?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

United States District Court Judge F. Dennis Saylor, of the United States District Court for the District of Massachusetts, is overseeing this case. The case is known as Crane v. Sexy Hair Concepts, LLC, Case No. 17-cv-10300 (the "Action"). The person who sued is Molly Crane. The settling Defendant is Sexy Hair Concepts.

### 2.  What is the action about?

This lawsuit is about Plaintiff's claim that SHC violated the Massachusetts Consumer Protection Act and was unjustly enriched by manufacturing, marketing, and selling certain shampoos and conditioners that were represented to be free of sulfates and/or salts but that may have contained sulfates and/or salts. Defendant contends that any sulfates or salts in the Subject Products were by-products of another ingredient and were different from the sulfates and salts that SHC intentionally eliminated. Defendant contends that the sodium sulfate and salt that may have been in the Subject Products are not harmful in any way. Defendant denies that it violated the law and/or that anyone incurred damage.

### 3.  What is a class action lawsuit and who is involved?

In a class action lawsuit, one person called the "class representative" (in this case the Plaintiff, Molly Crane) sues on behalf of other people who may have a similar claim. The people together are a "class" or "class members." In a class action, the claim of the Plaintiff and all Class Members are decided in one action. The Court resolves the claim for everyone in the Class except for those people who choose to exclude themselves from the Class.

### 4.  Why is there a Settlement?

The Court has not decided the Action in favor of either the Plaintiff or Defendant. Instead, both sides have agreed to the Settlement before the Court has decided the Action. By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and Settlement Class Members receive the benefits described in this notice. The proposed Settlement does not mean that any law was broken or that Defendant did anything wrong. Defendant denies all legal claims in this case. Plaintiff and her attorneys think the Settlement is best for everyone who is affected.

## THE CLAIM IN THE LAWSUIT

| 5.   What does the lawsuit complain about? |
| --- |

In this lawsuit, the Plaintiff alleges that SHC violated the Massachusetts Consumer Protection Act and was unjustly enriched by manufacturing, marketing, and selling certain shampoos and conditioners that were represented to be free of sulfates and/or salts but that may have contained sulfates and/or salts.

| 6.   How does Defendant answer? |
| --- |

Defendant denies that it violated the law or that anyone incurred damage. Defendant has also asserted affirmative defenses to Plaintiff's and the Class's claims that may defeat or limit recovery of damages.

| 7.   Has the Court decided who is right? |
| --- |

The Court has not decided whether the Plaintiff's claim is correct or whether Defendant did anything wrong. The Court's decision to certify the Class and authorize the issuance of this Notice is not a decision by the Court that the Plaintiff and the certified Class will win or lose this case. If the parties had not settled the case, the Plaintiff would have had to prove her claim at a trial.

| 8.   What is the Plaintiff asking for? |
| --- |

By filing the Action, Plaintiff asked the Court to find that Defendant violated the Massachusetts Consumer Protection Act and that Defendant was unjustly enriched. The Plaintiff sought monetary damages from Defendant as well as attorneys' fees, expenses, and the costs of this suit.


## WHO IS IN THE SETTLEMENT

| 9.   Am I part of this Settlement? |
| --- |

You are a member of the Class if, in the United States during the period between November 19, 2012 to the present, you purchased one of the Defendant's products labeled as sulfate free or salt free, including the products identified in the list of "Subject Products" attached to this notice.

| 10. I'm still not sure if I am included. |
| --- |

If you are still not sure whether you are a member of the certified Class, you can call or write to the lawyers representing the Plaintiff and the certified Class in this case, at the phone numbers or addresses below.

### THE LAWYERS REPRESENTING YOU

**11. Do I have a lawyer in this case?**

The following lawyers represent the Plaintiff and the certified Class in this case:

Patrick Valley and Edward Haber at Shapiro Haber & Urmy LLP, whose offices are located at 2 Seaport Lane, Boston, MA 02210 (617-439-3939). More information about Shapiro Haber & Urmy is available at www.shulaw.com.

These attorneys are referred to here as "Class Counsel."

**12. Should I get my own lawyer?**

You are not required to hire your own lawyer because the Class Counsel is working on your behalf. If you want your own lawyer anyway, you can hire your own lawyer, but you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

**13. How will the lawyers be paid?**

As part of the settlement, Class Counsel will seek up to one-third of the Gross Settlement Amount for compensation for their attorneys' fees plus reasonable expenses incurred in pursuing this Action, but the Court must approve any such payment to Class Counsel. Class Counsel will also seek an award from the Court of up to $2,000 for plaintiff Molly Crane for her service in representing the Class. Counsel will file their request for an award of attorneys' fees, costs, settlement administration expenses, and service award to the named plaintiff, no later than _____. Class Members may obtain any such submission to the Court from the Settlement Website or by contacting Class Counsel.

### THE SETTLEMENT'S BENEFITS

**14. What Does the Settlement Provide?**

In exchange for dismissal of the Action and release of claims against Defendant and any retailer from whom you may have purchased the Subject Products as detailed in the Settlement Agreement, Defendant has agreed to create a fund of $2.33 million. After deducting costs for notice to Class Members, administration of the settlement, attorneys' fees and expenses, and an incentive award to the class representative, the funds remaining will be available to be distributed to Class Members who submit a timely and valid Claim Form.

**15. How Will Settlement Benefits for Class Members Be Calculated?**

Upon the submission of a valid claim form (see question 17 below), Class Members may receive $6.00 per purchase of Subject Products, including the products on the list of "Subject Products" appended to this notice. Class Members who do not have proof of purchase of a Subject Product will be limited to submitting a claim for no more than 2 products purchased. Class members with proof of purchase may seek a settlement benefit for each Subject Product for which they submit proof of purchase. Proof of purchase includes store receipt, evidence of current possession of a

Subject Product, or any comparable evidence from a retailer specifically identifying and showing the purchase of a Subject Product during the Class Period. With respect to Class Members who received a claim code via e-mail or regular mail because they purchased Subject Product(s) from a retailer who is able to provide proof of purchase to the Settlement Administrator, the claim code can be submitted with the claim form as proof of purchase for the number of units that the retailer's records reflect that you purchased.

If the total value of valid claims is less than the amount of money available to pay such claims, then the amounts paid for valid claims will be increased *pro rata* up to the amount of money available to pay claims, although the amount paid will not be more than two times the amounts set forth in this notice. If the total value of valid claims is more than the amount of money available to pay such claims, then the amounts pad for valid claims will be reduced *pro rata*.

## 16. If I Submit a Claim Form, When Well I Receive the Settlement Benefit?

The parties have proposed to the Court that settlement benefits be mailed to Class Members within thirty (30) days after the Effective Date of the Settlement. The Court has scheduled a hearing to consider whether to grant final approval of the Settlement on _____. But, the date on which the Court will grant final approval is not known. And, there may be other reasons that distribution of settlement benefits could be delayed. In order to stay up-to-date on the status of the litigation and when settlement benefits are mailed, check the settlement website (www.sulfatesettlement.com) regularly.

### YOUR RIGHTS AND OPTIONS

You have to decide whether to (i) stay in the Class and submit a claim form; (ii) ask to be excluded or (iii) file an objection. If you decide to stay in the Class, you must file a claim form as set forth in this Notice. **If you decide to request to be excluded or wish to object to the Settlement, you must do so by ___, 2019 [105 days from the date of preliminary approval].**

## 17. What do I need to do to receive the cash benefit provided for by this Settlement?

If you are a Class Member (see Item 9 above) and want to receive the cash benefit described in this settlement, you **MUST** submit a claim form, either by mailing a completed, signed claim form attached to this notice, or by submitting a claim form online at www.sulfatesettlement.com. In exchange for those benefits, you will have released and waived your right to sue Defendant or any retailer from whom you may have purchased your Subject Products over the issues involved in the action.

## 18. What happens if I ask to be excluded?

If you exclude yourself from the Class—which is sometimes called "opting-out" of the Class— you will not get any money or benefits from the settlement of the action. If you exclude yourself, you will not be legally bound by the Court's judgments in the action. If you start your own lawsuit against Defendant after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. To ask to be excluded from the certified Class, you must send an "Exclusion Request" in the form of a letter sent by US mail, stating that you want to be excluded from Crane v. Sexy Hair Concepts, LLC. Be sure to include

your full name and current address, state specifically in your letter that you wish to be excluded from the class, and personally sign the letter. You must mail your exclusion request postmarked by _____, 2018, to: Crane v. Sexy Hair Concepts, LLC, Exclusions, c/o Patrick J. Vallely, Esq., Shapiro Haber & Urmy LLP, 2 Seaport Lane, Boston, MA 02210.

## 19. How do I object, if I want to?

If you wish to object to the settlement, you must file documents explaining the basis of your objection by _____, 2018. Your objection must be filed with the Court, with copies sent to Class Counsel. The Court's address is United States District Court, 1 Courthouse Way, Suite 2300, Boston, MA 02210. Class Counsel's address for objections is: Crane v. Sexy Hair Concepts, LLC, Objections, c/o Patrick J. Vallely, Esq., Shapiro Haber & Urmy LLP, 2 Seaport Lane, Boston, MA 02210. If you object, you should reference the case name and number, found at the top of this notice, in your filing.

To state a valid objection, a Class Member must include the following information in the Objection: (1) full name, current address, and current telephone number; (2) documentation, such as documents sufficient to establish membership in the Class; (3) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (4) a statement of the basis for the Objection, including the factual and legal grounds for the position; (5) copies of any documents supporting the Objection; (6) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application; (7) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; and (8) the number of times in which the objector, the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which such prior objections have been made, and a copy of any orders related to or bearing upon such prior objections that were issued by the trial and/or appellate courts in each listed case. In order for an objection to valid, you must personally sign the objection (an attorney's signature is not sufficient).

## 20. What happens if I do nothing?

If you do nothing, you will not receive any benefits from this Settlement but you will be bound by its terms and you will give up your right to start a lawsuit about the legal issues resolved by the Settlement against the Defendants and anyone else from whom you may have purchased one of the Subject Products

## 21. What happens if I ask to be excluded?

If you exclude yourself from the Class—which is sometimes called "opting-out" of the Class—you will not get any money or benefits from the settlement of the action. If you exclude yourself, you will not be legally bound by the Court's judgments in the action. If you start your own lawsuit against Defendant after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. To ask to be excluded from the certified Class, you must send an "Exclusion Request" in the form of a letter sent by US mail, stating that you want to be excluded from Crane v. Sexy Hair Concepts, LLC. Be sure to include

## 22. When Will the Court Decide Whether to Approve the Settlement?

The Court has set a hearing at _:__ _.m. on _____, at the United States District Court, 1 Courthouse Way, Suite 2300, Boston, MA 02210. The hearing may be moved to a different date or time without further notice, although the settlement website will be updated with any change in date or time. Please check the settlement website regularly if you plan on attending to ensure you show up on the right date and time. At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will also consider Class Counsel's application for attorneys' fees and expenses and for an incentive award to the class representative. After the hearing, the Court will decide whether to grant final approval of the Settlement.

### GETTING MORE INFORMATION

| 23. Is more detail available? |
|---|

If you have any questions about this class action notice or this case, you should contact one of the Class Counsel identified above, who will be pleased to answer your questions. There would be no cost or obligation to you. You may also visit a website created specifically for this settlement, www.sulfatesettlement.com, from which you can access additional information about the case, including this notice, contact information for Class Counsel, and court filings.

**PLEASE DO NOT ADDRESS QUESTIONS ABOUT THE SETTLEMENT OF THE LITIGATION TO THE COURT, TO THE JUDGE, TO DEFENDANT SEXY HAIR OR TO ANY RETAILER FROM WHOM YOU PURCHASED ANY SUBJECT PRODUCTS.**

DATED: _____, 2018.

Exhibit "5"

**Court Authorized Notice**

United States District Court for the District of Massachusetts
Molly Crane v. Sexy Hair Concepts, LLC, *et al.*
Case No. 17-cv-10300

*A court has authorized this notice. This is not a solicitation from a lawyer.*
PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS TO
PARTICIPATE IN OR OBJECT TO A PROPOSED SETTLEMENT OF THE LITIGATION LISTED
ABOVE MAY BE AFFECTED.

A $2.33 million Settlement has been reached in a class action lawsuit claiming that Sexy Hair Concepts,
LLC ("SHC") manufactured, marketed, and sold certain products that were represented to be free of
sulfates and/or salts but that may have contained sulfates and/or salts ("Subject Products"). SHC contends
that any sulfates or salts in the Subject Products were by-products of another ingredient and were different
from the sulfates and salts that SHC intentionally eliminated. SHC also contends that the Subject Products
are not harmful in any way.

Individuals who purchased certain Subject Products between November 19, 2012 to the present may be
eligible to receive a cash payment upon the submission of a valid claim form.

**What does the Settlement provide?** The settlement creates a fund of $2.33 million. Each Class Member
who files a valid and timely claim form will be eligible to receive a cash payment. Class Members who
submit a valid claim form may receive $6.00 per purchase of Subject Products, Class Members who do
not have proof of purchase of a Subject Product will be limited to submitting a claim for no more than 2
products purchased. Claim forms are available at www.sulfatesettlement.com.

**Am I a Class Member?** You're a class member if you purchased certain Sexy Hair products in the United
States between November 19, 2012 and the present. A list of eligible products is available on the
settlement website at www.sulfatesettlement.com.

**What are my options?** To receive payment, **you must mail or submit online a completed claim form
by _____.** If you do not wish to participate in the settlement, you may exclude yourself by
_____, or you may object to the settlement by _____. The specific details for filing an
exclusion or objection are in the detailed notice available www.sulfatesettlement.com. The Court will hold
a hearing on _____ to consider the settlement and class counsel's request for an award of attorneys'
fees of up to one-third of the settlement amount, plus expenses, as well as an incentive award for the
plaintiff of up to $2,000. You do not have to attend this hearing.  If you want your own lawyer you may
hire a lawyer to speak for you at the hearing.

**Your legal rights are affected whether you act or do not act.** You may be giving up your right to start a
lawsuit about the legal issues resolved by the Settlement against the Defendants and anyone else from
whom you may have purchased one of the Subject Products

**If you think you may be a class member, please go to** www.sulfatesettlement.com to read the full notice
concerning this settlement.

DATED: _____, 2018.

Exhibit "6"

**Court Authorized Notice**

United States District Court for the District of Massachusetts

Molly Crane v. Sexy Hair Concepts, LLC, *et al.*

Case No. 17-cv-10300

**A court has authorized this notice. This is not a solicitation from a lawyer**.

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS TO PARTICIPATE IN OR OBJECT TO A PROPOSED SETTLEMENT OF THE LITIGATION LISTED ABOVE MAY BE AFFECTED.

A $2.33 million Settlement has been reached in a class action lawsuit claiming that Sexy Hair Concepts, LLC ("SHC") marketed and sold certain products that were represented to be free of sulfates and/or salts but that may have contained sulfates and/or salts ("Subject Products"). SHC contends that any sulfates or salts in these Subject Products that were by-products of another ingredient and were different from the sulfates and salts that SHC intentionally eliminated from the products. SHC contends that the sodium sulfate and salt that may have been in the product are not harmful in any way.

**Why am I receiving this notice?** You are receiving this notice because a retailer's records indicate that you may have purchased certain SHC products between November 19, 2012 and the present, and your purchase makes you a Class Member eligible to receive a cash payment upon the submission of a valid claim form.

**What does the Settlement provide?** The settlement creates a fund of $2.33 million. Each Class Member who files a valid and timely claim form will be eligible to receive a cash payment. Class Members who submit a valid claim form may receive $6.00 per purchase of Subject Products. A claim form is available at www.sulfatesettlement.com. To receive the maximum settlement cash benefit, use the claim code or link provided below when you submit a claim form either online or by mail.

**Claim Code:** _____

**[FOR NOTICES SENT BY EMAIL ONLY:] You may also file a claim by clicking on the link below:**

**["FILE A CLAIM" BUTTON WITH CUSTOM LINK FOR CLASS MEMBER]**

**What are my options?** To receive a cash payment, **you must mail or submit online a completed claim form by** **_____**. If you do not wish to participate in the settlement, you may exclude yourself by _____, or you may object to the settlement by _____. The specific details for filing an exclusion or objection are in the detailed notice available www.sulfatesettlement.com. The Court will hold a hearing on _____ to consider the settlement and class counsel's request for an award of attorneys' fees of up to one-third of the settlement amount, plus expenses, as well as an incentive award for the plaintiff of up to $2,000. You do not have to attend this hearing.  If you want your own lawyer you may hire a lawyer to speak for you at the hearing.

**Your legal rights are affected whether you act or do not act.** You may be giving up your right to start a lawsuit about the legal issues resolved by the Settlement against the Defendants and anyone else from whom you may have purchased one of the Subject Products Please visit www.sulfatesettlement.com for further details on how to file a claim, exclude yourself, or object.

DATED: _____, 2018.

Exhibit "7"

**SEXY HAIR PRODUCTS CLAIM FORM**

**You can also file online at: www.sulfatesettlement.com.**

You must complete the required information below. All claim forms must be postmarked or submitted online by _____. If mailing, please return this form to:

SHC Sulfate-Free Class Action Settlement Administrator
[ADDRESS]

**Class Member Information**

| | | |
|---|---|---|
| Name: | Telephone: | Email: |

Address:

| | | |
|---|---|---|
| City: | State: | Zip Code: |

**Purchase Information**

If you purchased one or more Sexy Hair Sulfate-Free shampoos or conditioners, including the products listed in the list of "Subject Products" attached as Exhibit 1 to the Settlement Agreement, you may receive $6 per product for all products for which you have proof of purchase. Proof of purchase includes any receipt or product packaging.  If you received a personalized notice that the records of a retailer indicate you purchased Subject Product(s), that notice included a claim code that constitutes your proof of purchase for those purchases, which you can use below. If you do not have proof of purchase, you may still receive $6 per product, but your benefit will be limited to two products purchased (i.e., a total maximum recovery of $12). These settlement benefits are subject to adjustment upward or downward depending upon the volume of legitimate claims submitted.

**Claim Option 1: IF YOU HAVE PROOF OF PURCHASE SUCH AS RECEIPTS OR PRODUCT PACKAGING:**
I purchased ___ units of the Subject Products between November 19, 2012 and the present, which I have not returned and for which I have not previously been reimbursed, and for which I have proof of purchase. **I enclose proof(s) of purchase with this form.**

**Claim Option 2: IF YOU RECEIVED A PROOF OF PURCHASE CLAIM CODE:** I received a personalized notice of this settlement that included the following claim code to demonstrate proof of my purchases, which I have not returned and for which I have not previously been reimbursed:

Claim code: _____

**Claim Option 3: IF YOU DO <u>NOT</u> HAVE PROOF OF PURCHASE FOR ANY PURCHASES:** I purchased ___ units of the Subject Products between November 19, 2012 and the present, for which I do not have proof of purchase, and which I have not returned, and for which I have not previously been reimbursed.

I confirm under penalty of perjury that the above statements are true and accurate to the best of my knowledge, and I confirm further that, to the extent that I have entered any arbitration agreement with either Sexy Hair Concepts LLC or any retailer from whom I purchased Subject Products, I hereby waive any rights to arbitration I may have against any seller.

_____            _____

Signature                                                                              Date

**CLAIM FORMS MUST BE POSTMARKED OR SUBMITTED ONLINE BY _____**
**QUESTIONS? VISIT WWW.SULFATESETTLEMENT.COM**