# Exhibit B

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOLLY CRANE, Individually and on Behalf of All Other Persons Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SEXY HAIR CONCEPTS, LLC, and ULTA SALON COSMETICS & FRAGRANCE, INC., <br><br> Defendants. | Case No. 1:17-cv-10300 <br><br> **DECLARATION OF ANDREW PERRY ON BEHALF OF SETTLEMENT ADMINISTRATOR REGARDING NOTICE** |

I, Andrew Perry, declare:

1.      I am employed as a senior project manager by Kurtzman Carson Consultants ("KCC"), a nationally-recognized notice and claims administration firm located at 462 South 4th Street, Louisville, KY 40202. KCC was retained as the Settlement Administrator in this case, and as the senior project manager, I oversee all aspects of the administrative services provided. I submit this declaration regarding the *Crane v. Sexy Hair Concepts LLC* Notice Program.

2.      On October 29, 2018, in compliance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. Section 1715, KCC mailed via United States Postal Service  ("USPS") Priority Mail a cover letter to the U.S. Attorney General and the Attorneys General for all 50 states, plus the District of Columbia and territories along with a CD-ROM containing the following documents: Complaint, Amended Complaint, Sexy Hair Answer of SHC to Amended Complaint, Sexy Hair P's Assented-To Motion for Preliminary Approval of Class Action Settlement, Settlement Agreement and Release, Declaration of Carla Peak, Proposed

Order Preliminary Approving Class Settlement, Certifying the Class, and Authorizing Class Notice, Declaration of Patrick J. Vallely, Memorandum in Support of Plaintiff's Assented-To Motion for Preliminary Approval of Class Action Settlement, and CAFA Notice Calculations. Copies of the cover letter and the mailing list for the CAFA notice are attached hereto as Exhibit 1.

      3.     On November 20, 2018, Defendants provided KCC a zip file that contained the names, mailing addresses, and email addresses of 991,297 Settlement Class Members.   On December 13, 2018, Defendants provided KCC a second file that contained the names, mailing addresses, and email address of 3,295 Settlement Class Members, for a total of 994,592 Settlement Class Member records. Of the 994,592 records, 30,260 records were flagged as ineligible because they had either zero or negative units. KCC reviewed the remaining data and processed the names and addresses through the USPS National Change of Address database. KCC identified 27,955 records with no valid physical address and 1,849 records with no valid email address, but if a record had at least a valid physical address or a valid email address, the record was included in the notice list. There were 8,771 records that were missing both a valid physical address and a valid email address and were therefore removed from the notice list. Additionally, KCC identified 2,439 duplicate records that were excluded. KCC ran the email table through an email cleanse service to identify invalid email addresses. KCC identified 133,897 emails that were invalid and were therefore removed from the initial email table. There remained a total of 819,225 records with either an email address (749,858) or a postal address (69,367) that could be sent notice.

      4.     On January 16, 2019, KCC established a Settlement Website for this settlement at www.sulfatesettlement.com. On the Settlement Website, visitors can view answers to frequently

asked questions, download important case documents including the Complaint, Amended Complaint, Defendant's Answer to Complaint, Settlement Agreement and Release, Plaintiff's Motion for Preliminary Approval, Memorandum in Support of Plaintiff's Motion for Preliminary Approval, Declaration of Patrick J. Vallely, Declaration of Carla Peak, Proposed Order Preliminarily Approving Class Settlement, Order Preliminary Approving Class Settlement, Order Amended Deadlines Set By Preliminary Approval Order, Notice, Claim Form, and Subject Products. Visitors could also submit claims online. Individuals who received a personalized Notice could enter their claim code in order to arrive at a pre-populated Claim Form and those who did not receive a Notice could file a Claim Form without a claim code. A true and correct copy of the long-form notice is attached as Exhibit 2.

5.      On January 17, 2019, KCC established a toll free telephone number that Class Members could call and listen to general information about the settlement, important dates and deadlines, request a Claim Form and Notice be sent to them, hear their options as a Class Member, or answers to Frequently Asked Questions.

6.      On January 21, 2019, KCC sent the Class Notice via email ("Email Notice") to 749,858 Class Members. The Email Notice contained a personalized link that directed the individual to the pre-filled online Claim Form. A true and correct copy of the Email Notice is attached hereto as Exhibit 3.

7.      On January 18, 2019, KCC mailed Class Notice in the form of a postcard ("Postcard Notice") to 69,367 Class Members whose physical address was available.  A true and correct copy of the Postcard Notice is attached as Exhibit 4.

8.      To date, 252,353 unique Class Members had undeliverable email addresses, consisting of 133,897 records that were found to be invalid through an email cleanse, and

3

118,456 that were returned as undeliverable. KCC ran a search and updated the physical mail address for Class Members whose Email Notice was undeliverable, and sent the Postcard Notice to 246,483 Class Members.

9.      KCC implemented a paid nationwide online advertising campaign consisting of internet banners on the Google Display Network, as well as on the social media site Facebook to be run from January 21, 2019 to February 20, 2019. To date, there have been approximately 116,536,195 internet impressions targeted to likely Class Members and are delivered on both desktop and mobile devices, including tablets and smartphones. By the end of the media campaign there will be approximately 141 million internet impressions. The online ads include an embedded link to the Settlement Website. Conversion tracking is used to monitor and track online behavior, and, also to retarget likely Class Members who file a claim or stop midway through the process. The proposed Notice Plan reaches approximately 70% of likely Class Members via the notification methods described above. Snapshots of the online advertising campaign are attached as Exhibit 5.

10.     To date, KCC has received a total of 1,666 Postcard Notices returned by the USPS with forwarding addresses. KCC caused the Class Member list to be updated with the new addresses and Postcard Notice to be re-mailed to the updated addresses.

11.     To date, KCC has received a total of 4,378 Postcard Notices returned by the USPS without forwarding address information.  To date, it appears KCC has successfully sent direct Notice to 942,874 Class Members. KCC may still receive undeliverable Notices. Approximately 24.81% of Class Members received a direct Notice.

12.     The deadline to submit a request for exclusion ("opt-out") is March 20, 2019. To date, KCC has received 0 timely opt-outs and 0 late opt-outs.

13.     The deadline to submit an objection to the settlement is March 20, 2019. To date, KCC has received 0 objections.

14.     The deadline to submit a Claim Form is March 20, 2019.  To date, KCC has received 33,006 timely Claims.  Of those, 32,964 claims were submitted online and 42 claims were submitted via postal mail.  Approximately 0.87% of the class submitted Claim Forms with a total of 88,240 units claimed. Approximately 2.15% of the class that received a direct Notice submitted Claim Forms.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that this declaration was executed this February 19, 2019, at Louisville, Kentucky.

Andrew Perry

# EXHIBIT 1

| Last | First | Company | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| Lindemuth | Jahna | Office of the Alaska Attorney General | 1031 W. 4th Avenue | Suite 200 | Anchorage | AK | 99501-1994 |
| Marshall | Steve | Office of the Alabama Attorney General | 501 Washington Avenue | PO Box 300152 | Montgomery | AL | 36130-0152 |
| Rutledge | Leslie | Arkansas Attorney General Office | 323 Center Street, Suite 200 | | Little Rock | AR | 72201-2610 |
| Brnovich | Mark | Office of the Arizona Attorney General | 1275 W. Washington Street | | Phoenix | AZ | 85007 |
| CAFA Coordinator | | Office of the Attorney General | Consumer Law Section | 455 Golden Gate Ave., Suite 11000 | San Francisco | CA | 94102 |
| Coffman | Cynthia | Office of the Colorado Attorney General | Ralph L. Carr Colorado Judicial Center | 1300 Broadway, 10th Floor | Denver | CO | 80203 |
| Jepsen | George | State of Connecticut Attorney General's Office | 55 Elm Street | | Hartford | CT | 06106 |
| Racine | Karl A. | District of Columbia Attorney General | 441 4th Street, NW, Suite 1100S | | Washington | DC | 20001 |
| Sessions | Jefferson | Attorney General of the United States | United States Department of Justice | 950 Pennsylvania Avenue, NW | Washington | DC | 20530-0001 |
| Denn | Matthew | Delaware Attorney General | Carvel State Office Building | 820 N. French Street | Wilmington | DE | 19801 |
| Bondi | Pam | Office of the Attorney General of Florida | The Capitol, PL-01 | | Tallahassee | FL | 32399-1050 |
| Carr | Chris | Office of the Georgia Attorney General | 40 Capitol Square, SW | | Atlanta | GA | 30334-1300 |
| Suzuki | Russell | Office of the Hawaii Attorney General | 425 Queen Street | | Honolulu | HI | 96813 |
| Miller | Tom | Iowa Attorney General | Hoover State Office Building | 1305 E. Walnut Street | Des Moines | IA | 50319 |
| Wasden | Lawrence | State of Idaho Attorney General's Office | 700 W. Jefferson Street, Suite 210 | P.O. Box 83720 | Boise | ID | 83720-0010 |
| Madigan | Lisa | Illinois Attorney General | James R. Thompson Center | 100 W. Randolph Street | Chicago | IL | 60601 |
| Hill, Jr. | Curtis T. | Indiana Attorney General's Office | Indiana Government Center South | 302 West Washington Street, 5th Floor | Indianapolis | IN | 46204 |
| Schmidt | Derek | Kansas Attorney General | 120 S.W. 10th Ave., 2nd Floor | | Topeka | KS | 66612-1597 |
| Beshear | Andy | Office of the Kentucky Attorney General | 700 Capitol Ave | Capitol Building, Suite 118 | Frankfort | KY | 40601 |
| Landry | Jeff | Office of the Louisiana Attorney General | P.O. Box 94095 | | Baton Rouge | LA | 70804-4095 |
| Healey | Maura | Office of the Attorney General of Massachusetts | 1 Ashburton Place | | Boston | MA | 02108-1518 |
| Frosh | Brian | Office of the Maryland Attorney General | 200 St. Paul Place | | Baltimore | MD | 21202-2202 |
| Mills | Janet | Office of the Maine Attorney General | State House Station 6 | | Augusta | ME | 04333 |
| Schuette | Bill | Office of the Michigan Attorney General | P.O. Box 30212 | 525 W. Ottawa Street | Lansing | MI | 48909-0212 |
| Lori Swanson | Attorney General | Attention: CAFA Coordinator | Suite 102, State Capitol 75 Dr. | Martin Luther King, Jr. Blvd. | St. Paul | MN | 55155 |
| Hawley | Joshua D. | Missouri Attorney General's Office | Supreme Court Building | 207 W. High Street | Jefferson City | MO | 65101 |
| Hood | Jim | Mississippi Attorney General's Office | Department of Justice | P.O. Box 220 | Jackson | MS | 39205 |
| Fox | Tim | Office of the Montana Attorney General | Justice Bldg. | 215 N. Sanders Street | Helena | MT | 59620-1401 |
| Stein | Josh | Office of the North Carolina Attorney General | Department of Justice | P.O. Box 629 | Raleigh | NC | 27602-0629 |
| Stenehjem | Wayne | North Dakota Office of the Attorney General | State Capitol | 600 E. Boulevard Avenue | Bismarck | ND | 58505-0040 |
| Peterson | Doug | Office of the Nebraska Attorney General | State Capitol | P.O. Box 98920 | Lincoln | NE | 68509-8920 |
| MacDonald | Gordon | New Hampshire Attorney General | 33 Capitol Street | | Concord | NH | 03301-6397 |
| Grewal | Gurbir S. | Office of the New Jersey Attorney General | Richard J. Hughes Justice Complex | 25 Market Street, P.O. Box 080 | Trenton | NJ | 08625 |
| Balderas | Hector | Office of the New Mexico Attorney General | P.O. Drawer 1508 | | Santa Fe | NM | 87504-1508 |
| Laxalt | Adam Paul | Nevada Attorney General | Old Supreme Ct. Bldg. | 100 North Carson Street | Carson City | NV | 89701 |
| Underwood | Barbara | Office of the New York Attorney General | Dept. of Law - The Capitol | 2nd Floor | Albany | NY | 12224 |
| DeWine | Mike | Ohio Attorney General | State Office Tower | 30 E. Broad Street | Columbus | OH | 43266-0410 |
| Hunter | Mike | Oklahoma Office of the Attorney General | 313 NE 21st Street | | Oklahoma City | OK | 73105 |
| Rosenblum | Ellen F. | Office of the Oregon Attorney General | Justice Building | 1162 Court Street, NE | Salem | OR | 97301 |
| Shapiro | Josh | Pennsylvania Office of the Attorney General | 16th Floor, Strawberry Square | | Harrisburg | PA | 17120 |
| Kilmartin | Peter | Rhode Island Office of the Attorney General | 150 South Main Street | | Providence | RI | 02903 |
| Wilson | Alan | South Carolina Attorney General | Rembert C. Dennis Office Bldg. | P.O. Box 11549 | Columbia | SC | 29211-1549 |
| Jackley | Marty J. | South Dakota Office of the Attorney General | 1302 East Highway 14, Suite 1 | | Pierre | SD | 57501-8501 |
| Slatery, III | Herbert H. | Tennessee Attorney General and Reporter | 425 5th Avenue North | | Nashville | TN | 37243 |
| Paxton | Ken | Attorney General of Texas | Capitol Station | P.O. Box 12548 | Austin | TX | 78711-2548 |
| Reyes | Sean | Utah Office of the Attorney General | State Capitol, Room 236 | 350 N State St | Salt Lake City | UT | 84114-0810 |
| Herring | Mark | Office of the Virginia Attorney General | 202 North Ninth Street | | Richmond | VA | 23219 |
| Donovan | T.J. | Office of the Attorney General of Vermont | 109 State Street | | Montpelier | VT | 05609-1001 |
| Ferguson | Bob | Washington State Office of the Attorney General | 1125 Washington St SE | P.O. Box 40100 | Olympia | WA | 98504-0100 |
| Schimel | Brad | Office of the Wisconsin Attorney General | Dept of Justice, State Capitol | RM 114 East P.O. Box 7857 | Madison | WI | 53707-7857 |
| Morrisey | Patrick | West Virginia Attorney General | State Capitol | 1900 Kanawha Blvd E | Charleston | WV | 25305 |
| Michael | Peter K. | Office of the Wyoming Attorney General | State Capitol Bldg | | Cheyenne | WY | 82002 |
| Ale | Talauega Eleasalo V. | American Samoa Attorney General | Exec. Ofc. Bldg, Utulei | Territory of American Samoa | Pago Pago | AS | 96799 |
| Barrett-Anderson | Elizabeth | Office of the Attorney General, ITC Building | 590 S. Marine Corps Drive | Suite 706 | Tamuning | Guam | 96913 |
| Manibusan | Edward | Northern Mariana Islands Attorney General | Administration Building | PO Box 10007 | Saipan | MP | 96950-8907 |
| Vazquez Garced | Wanda | Puerto Rico Attorney General | P.O. Box 902192 | | San Juan | PR | 00902-0192 |
| Walker | Claude E. | Virgin Islands Attorney General, Department of Justice | 34-38 Kronprindsens Gade | GERS Bldg, 2nd Floor | St. Thomas | VI | 00802 |
| Smith | Keith | Greenberg Traurig, LLP | 2700 Commerce Square | 2001 Market Street | Philadelphia | PA | 19103 |
| Cicci | Ryanne | KCC | 462 S. 4th St. | | Louisville | KY | 40202 |



Keith E. Smith
Tel (215) 988-7843
Fax (215) 717-5225
smithkei@gtlaw.com

October 29, 2018

<u>VIA PRIORITY MAIL</u>

Re:     **Notice of Proposed Class Action Settlement Pursuant to the
        Class Action Fairness Act (28 U.S.C. § 1715)**

Dear Sir or Madam:

        We write on behalf of defendant Sexy Hair Concepts LLC ("SHC") pursuant to 28
U.S.C. § 1715 (the Class Action Fairness Act or "CAFA") to notify you of a proposed class
action settlement (the "Settlement") between SHC and a putative nationwide class of
consumers arising from the case captioned as *Crane v. Sexy Hair Concepts, LLC,* U.S.
District Court for Massachusetts, Case No. 1:17-cv-10300-FDS (the "Crane Action").[1]

        Plaintiff filed her initial Complaint in the Crane Action on February 23, 2017, and
filed her Amended Complaint on June 6, 2017.  Plaintiff alleges that she and other similarly
situated customers incurred damage as a result of alleged misrepresentations regarding
whether certain hair care products sold by SHC were Sulfate-Free and Free of Salt.  Plaintiff
alleges that SHC violated Mass. Gen. Laws, Chapter 93A and was unjustly enriched as a
result of these misrepresentations.  Plaintiff asserted these claims on behalf of herself and a
putative nationwide class of consumers, seeking relief including but not limited to damages,
injunctive relief, attorneys' fees, and costs.  In response to the Amended Complaint, SHC
denied that it violated the law and/or that anyone incurred damage. SHC asserted various
affirmative defenses to the claims.

        Between November 19, 2012 and May 31, 2017, SHC sold a number of hair-care
products with a label describing the products as "sulfate free" ("Subject Products").  SHC
sought to sell products that did not contain *sodium laureth sulfate* ("SLES") or *sodium lauryl
sulfate* ("SLS").  Within the hair care industry, "sulfate-free" is generally understood to be
free of SLS and SLES.  The Subject Products did not and do not contain SLES or SLS.  In
fact, no sulfate is an ingredient in any of the Subject Products.  However, trace amounts of
sodium sulfate may be present in the Subject Products as a byproduct or impurity of another
non-sulfate ingredient.

        The Federal Trade Commission's "Green Guides" provide that a marketer, like SHC,
can lawfully "make a claim for a product that still contains some amount of a substance if
the level of the specified substance is no more than that which would be found as an

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BERLIN¬
BOCA RATON
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY⁺
MIAMI
MILAN**
NEW JERSEY
NEW YORK
NORTHERN VIRGINIA
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SEOUL∞
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
TOKYO¤
WARSAW~
WASHINGTON, D.C.
WESTCHESTER COUNTY
WEST PALM BEACH

¬OPERATES AS
 GREENBERG TRAURIG GERMANY, LLP
* OPERATES AS A
  SEPARATE UK REGISTERED LEGAL ENTITY
⁺ OPERATES AS
  GREENBERG TRAURIG, S.C.
∞ STRATEGIC ALLIANCE
* OPERATES AS
  GREENBERG TRAURIG LLP
  FOREIGN LEGAL CONSULTANT OFFICE
^ A BRANCH OF
  GREENBERG TRAURIG, P.A.,
  FLORIDA, USA
¤ OPERATES AS
  GT TOKYO HORITSU JIMUSHO
~ OPERATES AS
  GREENBERG TRAURIG GRZESIAK SP.K.

---

[1]     All capitalized terms used herein shall have the same definition as those in the Settlement
Agreement which accompanies this letter.

acknowledged trace contaminant or background level." *See* 16 CFR § 260 (2012). To the extent there may be any sulfate in the Subject Products; it was not itself an ingredient, but exists as an impurity in the intended ingredient and, therefore, the representations of SHC comply with the FTC Green Guides.

In May and July 2018, Plaintiffs and SHC participated in two formal mediation sessions with the Honorable John C. Cratsley, retired Massachusetts Superior Court Judge, an experienced and respected mediator. The parties negotiated a Memorandum of Understanding outlining the terms of the settlement, including a total settlement amount of $2.33 million. The parties subsequently entered into a Settlement Agreement, enclosed with this letter, setting forth the Proposed Settlement. Plaintiffs filed their motion for preliminary approval of the Proposed Settlement on October 19, 2018.

As detailed in the Proposed Settlement, the following individuals are included in the Settlement Class:

> All purchasers of any of the Subject Products as defined below during the period between November 19, 2002 through the Effective Date (defined below), excluding any purchases made for purposes of resale. Excluded from the Class are (i) those Class Members who have previously resolved their claims through return of product, settlement, or final judgment, (ii) all persons who are officers or directors of Defendant, and (iii) Judges of the Court.[2]

SHC has agreed to establish a Common Fund of $2.33 million within 10 days of the Effective Date, against which Settlement Class Members can make claims as described in detail below.

Upon the submission of a valid claim form, Class Members may receive up to $6 for each purchase of one of the "Subject Products." Claimants presenting proof of purchase may submit a claim for as many products as they purchased. Claimants without proof of purchase can submit a claim for up to two products purchased. In the event the Claims submitted do not exhaust the common fund, these cash benefits could be increased up to double the original benefit amount.

Although the cash benefits Class Members will receive are substantial given the price Class Members paid for the products, additional features of the Settlement render it even more favorable to Class Members. More than 900,000 Class Members will be able to be identified through a single retailer who has agreed to provide data to the Settlement Administrator to be used to send personal notice to those Class Members. Most of those Class Members will receive email notice or a unique claim code, which will permit the Class Members to click on a link in the email or enter the code that will bring them to an online claim form pre-populated with that class member's identifying information and purchases as reflected in the retail records. Moreover, upon attestation that none of the claimed products were returned, the retail records will satisfy the proof of purchase requirement of the Settlement, meaning that such customers may obtain the up to $6 per purchase

---

[2] Also excluded from the Settlement Class are Settlement Class Members who properly exclude themselves in accordance with the terms of the Settlement and the court-approved notices.

CAFA NOTICE
October 29, 2018
Page 3

cash settlement benefit for all purchases reflected in the retail records, without the need to submit any additional proof of purchase. The Settlement Administrator is also implementing publication notice through search engines and social media platforms estimated to reach more than 70% of the class members multiple times. The Settlement Administrator will also establish a settlement website that will provide additional information on the Settlement and the Crane Action, including a long-form notice providing additional detail concerning the Settlement, relevant pleadings, and contact information for Class Counsel. In short, SHC has worked with Class Counsel and the Settlement Administrator to design the Settlement to ensure that substantial cash benefits are placed in the hands of Class Members.

Class Counsel has represented that they intend to file a motion with the Court within 75 days of preliminary approval of the Settlement seeking reimbursement of their litigation costs and up to one-third of the Total Settlement Amount for their attorneys' fees. Class Counsel will also seek a Service Award from the Court for the Class Representative in the amount of $2,000.

In accordance with the CAFA notice provisions, 28 U.S.C. § 1715, SHC has enclosed with this letter a CD containing the following documents:

1. The Complaint and Amended Complaint. *See id.* § 1715(b)(1).

2. Plaintiffs' Motion for Preliminary Approval filed on October 19, 2018. The Court has not yet scheduled a hearing for final approval of the Proposed Settlement. *See id.* § 1715(b)(2).

3. The proposed form of notices to class members about the settlement of the *Crane Action* and their right to request exclusion from the class are attached as exhibits to the accompanying Settlement Agreement and to the Motion for Preliminary Approval. The notices and the notice plan have been submitted to the Court and are subject to Court approval. *See id.* § 1715(b)(3).

4. A copy of the Settlement Agreement which is subject to Court approval. *See id.* § 1715(b)(4).

5. There are no contemporaneous agreements between class counsel and counsel for SHC related to this Settlement. *See id.* § 1715(b)(5).

6. There is no final judgment or notice of dismissal. *See id.* § 1715(b)(6).

7. There are no written judicial opinions relating to the materials described in subparagraphs (3) through (6) of 28 U.S.C. § 1715. *See id.* § 1715(b)(8).

CAFA also requires that a defendant, "if feasible," must provide "the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement," or, if that is not feasible, to provide a "reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement." See 28 U.S.C. § 1715(b)(7)(A)-(B).

CAFA NOTICE
October 29, 2018
Page 4

SHC cannot feasibly identify the Settlement Class Members who reside in each state, because SHC does not know the identity of the end users of the Subject Products. [3]   During the class period, SHC did not generally sell the Subject Products directly to consumers, or other end users, but rather sold to independent distributors and wholesalers.   For this reason, it is also extremely difficult to estimate the total number of potential Settlement Class Members in each state.   There are other variables that are not known to the parties, such as how many of the Subject Products may have been purchased by any individual Class Member.   However, since the Subject Products were distributed and sold nationwide, it can be assumed that the number of Settlement Class Members in each state may be proportionate to the population of each state, relative to the total population of the United States.   Based on this assumption and an estimate of the average number of the Subject products purchased per Class Member, SHC has calculated the potential number of Class Members in each state (including the District of Columbia) during the Class Period.  A chart setting forth this information is provided on the enclosed CD.

The foregoing information is provided based on the status of the proceedings at the time of the submission of this notification and on the data currently available to SHC.  SHC reserves its right to provide updated information concerning the Proposed Settlement or upon request.

Please feel free to contact me, should you have any questions about the Proposed Settlement.

Sincerely,

/s/ Keith E. Smith
Keith E. Smith

---

[3] SHC sells more than 70% of the Subject Products through distributors to individual hair salons across the country.  Less than 30% is sold through a direct-to-consumer retailer.  The retailer has agreed to provide confidential sales information to the Settlement Administrator to facilitate notice and the claims process for its customers.

# EXHIBIT 2

**Court-Authorized Notice**

United States District Court for the District of Massachusetts
*Crane v. Sexy Hair Concepts, LLC, et al.*
Case No. 17-cv-10300

**PLEASE READ THIS CLASS CERTIFICATION NOTICE CAREFULLY.
IT MAY AFFECT YOUR RIGHTS**

*A court has authorized this notice. This is not a solicitation from a lawyer.*

**A $2.33 million Settlement has been reached in a class action lawsuit claiming that defendant Sexy Hair Concepts, LLC ("SHC" or "Defendant") manufactured, marketed, and sold certain products that were represented to be free of sulfates and/or salts but that may have contained sulfates and/or salts.**

**Individuals who purchased any of the SHC products labeled as sulfate-free or salt-free, including the SHC products identified in the list of "Subject Products" affixed to this notice (hereinafter "Subject Products") between November 19, 2012 through the date of Final Approval may be eligible to receive a cash payment upon the submission of a valid Claim Form, which is enclosed with this notice.**

**Your legal rights are affected whether you act or do not act. Please read this notice carefully.**

| Summary of Your Legal Rights and Options in This Settlement | |
|---|---|
| **Submit a Claim** | To receive the cash benefit described in this notice, you must submit a Claim Form by mail (using the form enclosed with this notice) or online at www.sulfatesettlement.com. |
| **Exclude Yourself** | Get no benefits from the Settlement. This is the only option that allows you to retain your right to bring your own lawsuit against Defendant about the claims in this case. |
| **Object** | Write to the Court and the lawyers for both sides if you do not like the Settlement. The Court will consider your objection in determining whether to approve the Settlement. |
| **Do Nothing** | **Remain in the Settlement and receive no benefits.** |

**The rest of this notice provides further information about the Action, this Settlement, and your legal rights and options in connection with the Settlement. Capitalized terms in this notice are defined in the Settlement Agreement and Release, which is available on the settlement website.**

**Questions? Visit www.SulfateSettlement.com**

**BASIC INFORMATION**

| 1. | Why did I get this notice? |
|---|---|

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to give final approval to the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

United States District Court Judge F. Dennis Saylor, of the United States District Court for the District of Massachusetts, is overseeing this case. The case is known as *Crane v. Sexy Hair Concepts, LLC*, Case No. 17-cv-10300 (the "Action"). The person who sued, (the "Plaintiff"), is Molly Crane. The settling Defendant is Sexy Hair Concepts.

| 2. | **What is the Action about?** |
|---|---|

This lawsuit is about the Plaintiff's claim that SHC violated the Massachusetts Consumer Protection Act and was unjustly enriched by manufacturing, marketing, and selling certain shampoos and conditioners that were represented to be free of sulfates and/or salts but that may have contained sulfates and/or salts. Defendant contends that any sulfates or salts in the Subject Products were by-products of another ingredient and were different from the sulfates and salts that SHC intentionally eliminated. Defendant contends that the sodium sulfate and salt that may have been in the Subject Products are not harmful in any way. Defendant denies that it violated the law and/or that anyone incurred damage.

| 3. | **What is a class action lawsuit and who is involved?** |
|---|---|

In a class action lawsuit, one person called the "class representative" (in this case the Plaintiff, Molly Crane) sues on behalf of other people who may have a similar claim. The people together are a "class" or "class members." In a class action, the claim of the Plaintiff and all Class Members are decided in one action. The Court resolves the claim for everyone in the Class except for those people who choose to exclude themselves from the Class.

| 4. | **Why is there a Settlement?** |
|---|---|

The Court has not decided the Action in favor of either the Plaintiff or Defendant. Instead, both sides have agreed to the Settlement before the Court has decided the Action. By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and Settlement Class Members receive the benefits described in this notice. The proposed Settlement does not mean that any law was broken or that Defendant did anything wrong. Defendant denies all legal claims in this case. Plaintiff and her attorneys think the Settlement is best for everyone who is affected.

<u>**THE CLAIM IN THE LAWSUIT**</u>

| 5. | **What does the lawsuit complain about?** |
|---|---|

In this lawsuit, the Plaintiff alleges that SHC violated the Massachusetts Consumer Protection Act and was unjustly enriched by manufacturing, marketing, and selling certain shampoos and conditioners that were represented to be free of sulfates and/or salts but that may have contained sulfates and/or salts.

| 6. | **How does Defendant answer?** |
|---|---|

Defendant denies that it violated the law or that anyone incurred damage. Defendant has also asserted affirmative defenses to Plaintiff's and the Class's claims that may defeat or limit recovery of damages.

| 7. | **Has the Court decided who is right?** |
|---|---|

The Court has not decided whether the Plaintiff's claim is correct or whether Defendant did anything wrong. The Court's decision to conditionally certify the Class and authorize the issuance of this notice is not based upon the settlement reached between the parties. It is a decision by the

Court that a contested class would be certified or that the Plaintiff and the Class will win or lose this case. If the parties had not settled the case, the Plaintiff would have had to prove the requirements for class certification and prove her claim at a trial.

| 8. | What is the Plaintiff asking for? |
|---|---|

By filing the Action, Plaintiff asked the Court to find that Defendant violated the Massachusetts Consumer Protection Act and that Defendant was unjustly enriched. The Plaintiff sought monetary damages from Defendant as well as attorneys' fees, expenses, and the costs of this suit.

## WHO IS IN THE SETTLEMENT

| 9. | Am I part of this Settlement? |
|---|---|

You are a member of the Class if, in the United States during the period between November 19, 2012 to the present, you purchased one of the Defendant's shampoo or conditioner products labeled as sulfate-free or salt-free, including the products identified in the list of "Subject Products" enclosed with this notice.

| 10. | I'm still not sure if I am included. |
|---|---|

If you are still not sure whether you are a member of the certified Class, you can call or write to the lawyers representing the Plaintiff and the certified Class in this case, at the phone numbers or addresses below.

## THE LAWYERS REPRESENTING YOU

| 11. | Do I have a lawyer in this case? |
|---|---|

The following lawyers represent the Plaintiff and the certified Class in this case:

Patrick Vallely and Edward Haber at Shapiro Haber & Urmy LLP, whose offices are located at 2 Seaport Lane, Boston, MA 02210 (617-439-3939). More information about Shapiro Haber & Urmy LLP is available at www.shulaw.com.

These attorneys are referred to here as "Class Counsel."

| 12. | Should I get my own lawyer? |
|---|---|

You are not required to hire your own lawyer because Class Counsel is working on your behalf. If you want your own lawyer anyway, you can hire your own lawyer, but you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

| 13. | How will the lawyers be paid? |
|---|---|

As part of the Settlement, Class Counsel will seek up to one-third of the Gross Settlement Amount for compensation for their attorneys' fees plus reasonable expenses incurred in pursuing this Action, but the Court must approve any such payment to Class Counsel. Class Counsel will also seek an award from the Court of up to $2,000 for Plaintiff Molly Crane for her service in representing the Class. Counsel will file their request for an award of attorneys' fees, costs, settlement administration expenses, and service award to the named Plaintiff, no later than February 18, 2019. Once the motion is filed, Class Members may obtain any such submission to the Court from the settlement website or by contacting Class Counsel.

## THE SETTLEMENT'S BENEFITS

| **14.** | **What does the Settlement provide?** |
| --- | --- |

In exchange for dismissal of the Action and release of claims against Defendant and any retailer from whom you may have purchased the Subject Products as detailed in the Settlement Agreement, Defendant has agreed to create a fund of $2.33 million. After deducting costs for notice to Class Members, administration of the Settlement, attorneys' fees and expenses, and an incentive award to the class representative, the funds remaining will be available to be distributed in accordance with the Settlement Agreement to Class Members who submit a timely and valid Claim Form.

| **15.** | **How will Settlement benefits for Class Members be calculated?** |
| --- | --- |

Upon the submission of a valid Claim Form (see question 17 below), Class Members may receive $6.00 per purchase of Subject Products, including the products on the list of "Subject Products" enclosed with this notice. Class Members who do not have proof of purchase of a Subject Product will be limited to submitting a claim for no more than 2 products purchased. Class Members with proof of purchase may seek a settlement benefit for each Subject Product for which they submit proof of purchase. Proof of purchase includes store receipt, evidence of current possession of a Subject Product, or any comparable evidence from a retailer specifically identifying and showing the purchase of a Subject Product during the Class Period. With respect to Class Members who received a claim code via e-mail or regular mail because they purchased Subject Product(s) from a retailer who is able to provide proof of purchase to the Settlement Administrator, the claim code can be submitted with the Claim Form as proof of purchase for the number of units that the retailer's records reflect that you purchased.

If the total value of valid claims is less than the amount of money available to pay such claims, then the amounts paid for valid claims will be increased *pro rata* up to the amount of money available to pay claims, although the amount paid will not be more than two times the amount set forth in this notice. If the total value of valid claims is more than the amount of money available to pay such claims, then the amounts paid for valid claims will be reduced *pro rata*.

| **16.** | **If I submit a Claim Form, when will I receive the Settlement benefit?** |
| --- | --- |

The parties have proposed to the Court that settlement benefits be mailed to Class Members within thirty (30) days after the Effective Date of the Settlement. The Court has scheduled a hearing to consider whether to grant final approval of the Settlement on April 29, 2019. But, the date on which the Court will grant final approval is not known. And, there may be other reasons that distribution of settlement benefits could be delayed. In order to stay up-to-date on the status of the litigation and when settlement benefits are mailed, check the settlement website (www.sulfatesettlement.com) regularly.

## YOUR RIGHTS AND OPTIONS

You have to decide whether to (i) stay in the Class and submit a Claim Form; (ii) ask to be excluded; or (iii) file an objection. If you decide to stay in the Class, you must file a Claim Form as set forth in this notice. **If you decide to request to be excluded or wish to object to the Settlement, you must do so by March 20, 2019.**

**17.      What do I need to do to receive the cash benefit provided for by this Settlement?**

If you are a Class Member (see question 9 above) and want to receive the cash benefit described in this settlement, you **MUST** submit a Claim Form, either by mailing a completed, signed Claim Form enclosed with this notice, or by submitting a Claim Form online at www.sulfatesettlement.com. In exchange for those benefits, you will have released and waived your right to sue Defendant or any retailer from whom you may have purchased your Subject Products over the issues involved in the Action.

**18.      What happens if I ask to be excluded?**

If you exclude yourself from the Class—which is sometimes called "opting out" of the Class - you will not get any money or benefits from the settlement of the Action. If you exclude yourself, you will not be legally bound by the Court's judgments in the Action. If you start your own lawsuit against Defendant after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. To ask to be excluded from the certified Class, you must send an "Exclusion Request" in the form of a letter sent by US mail, stating that you want to be excluded from *Crane v. Sexy Hair Concepts, LLC*. Be sure to include your full name and current address, state specifically in your letter that you wish to be excluded from the class, and personally sign the letter. You must mail your exclusion request postmarked by March 20, 2019, to: *Crane v. Sexy Hair Concepts, LLC*, Exclusions, c/o Patrick J. Vallely, Esq., Shapiro Haber & Urmy LLP, 2 Seaport Lane, Boston, MA 02210.

**19.      How do I object, if I want to?**

If you wish to object to the Settlement, you must file documents explaining the basis of your objection by March 20, 2019. Your objection must be filed with the Court, with copies sent to Class Counsel. The Court's address is United States District Court, 1 Courthouse Way, Suite 2300, Boston, MA 02210. Class Counsel's address for objections is: *Crane v. Sexy Hair Concepts, LLC*, Objections, c/o Patrick J. Vallely, Esq., Shapiro Haber & Urmy LLP, 2 Seaport Lane, Boston, MA 02210. If you object, you should reference the case name and number, found at the top of this notice, in your filing.

To state a valid objection, a Class Member must include the following information in the objection: (1) full name, current address, and current telephone number; (2) documentation to establish membership in the Class, such as receipts or other documents relating to your purchase or a simple statement in your objection that you purchased one or more of the subject products; (3) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (4) a statement of the basis for the objection, including the factual and legal grounds for the position; (5) copies of any documents supporting the objection if you have any; (6) the identity of all counsel, if any, who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application; (7) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; and (8) the number of times in which the objector, the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which such prior objections have

been made, and a copy of any orders related to or bearing upon such prior objections that were issued by the trial and/or appellate courts in each listed case. In order for an objection to be valid, you must personally sign the objection (an attorney's signature is not sufficient).

| 20. | What happens if I do nothing? |
|-----|-------------------------------|

If you do nothing, you will not receive any benefits from this Settlement but you will be bound by its terms and you will give up your right to start a lawsuit about the legal issues resolved by the Settlement against the Defendants and anyone else from whom you may have purchased one of the Subject Products.

| 21. | When will the Court decide whether to approve the Settlement? |
|-----|---------------------------------------------------------------|

The Court has set a hearing at 2:00 p.m. on April 29, 2019, at the United States District Court, 1 Courthouse Way, Suite 2300, Boston, MA 02210. The hearing may be moved to a different date or time without further notice, although the settlement website will be updated with any change in date or time. Please check the settlement website regularly if you plan on attending to ensure you show up on the right date and time. At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will also consider Class Counsel's application for attorneys' fees and expenses and for an incentive award to the class representative. After the hearing, the Court will decide whether to grant final approval of the Settlement.

## GETTING MORE INFORMATION

| 22. | Is more detail available? |
|-----|---------------------------|

If you have any questions about this class action notice or this case, you should contact one of the Class Counsel identified above, who will be pleased to answer your questions. There would be no cost or obligation to you. You may also visit a website created specifically for this Settlement, www.sulfatesettlement.com, from which you can access additional information about the case, including this notice, contact information for Class Counsel, and court filings.

**PLEASE DO NOT ADDRESS QUESTIONS ABOUT THE SETTLEMENT OF THE LITIGATION TO THE COURT, TO THE JUDGE, TO DEFENDANT SEXY HAIR CONCEPTS OR TO ANY RETAILER FROM WHOM YOU PURCHASED ANY SUBJECT PRODUCTS.**

DATED:  January 21, 2019.

# EXHIBIT 3

**Court-Authorized Notice**

United States District Court for the District of Massachusetts
*Crane v. Sexy Hair Concepts, LLC, et al.*
Case No. 17-cv-10300

**A court has authorized this notice. This is not a solicitation from a lawyer**.

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS TO PARTICIPATE IN OR OBJECT TO A PROPOSED SETTLEMENT OF THE LITIGATION LISTED ABOVE MAY BE AFFECTED.**

A $2.33 million Settlement has been reached in a class action lawsuit claiming that Sexy Hair Concepts, LLC ("SHC") marketed and sold certain products that were represented to be free of sulfates and/or salts but that may have contained sulfates and/or salts ("Subject Products"). SHC contends that any sulfates or salts in these Subject Products were by-products of another ingredient and were different from the sulfates and salts that SHC intentionally eliminated from the products. SHC contends that the sodium sulfate and salt that may have been in the product are not harmful in any way.

**Why am I receiving this notice?** You are receiving this notice because a retailer's records indicate that you may have purchased certain SHC products between November 19, 2012 and the present, and your purchase makes you a Class Member eligible to receive a cash payment upon the submission of a valid Claim Form.

**What does the Settlement provide?** The Settlement creates a fund of $2.33 million. Each Class Member who files a valid and timely claim form will be eligible to receive a cash payment. Class Members who submit a valid claim form may receive $6.00 per purchase of Subject Products. A claim form is available at www.sulfatesettlement.com. To receive the maximum settlement cash benefit, use the claim code or link provided below when you submit a claim form either online or by mail.

**Claim ID: <<Claim8>>**
**PIN: <<PIN>>**

**You may also file a claim by clicking on the link below:**

**FILE A CLAIM**

**What are my options?** To receive a cash payment, **you must mail or submit online a completed claim form by March 20, 2019**. If you do not wish to participate in the Settlement, you may exclude yourself by March 20, 2019, or you may object to the Settlement by March 20, 2019. The specific details for filing an exclusion or objection are in the detailed notice available at www.sulfatesettlement.com. The Court will hold a hearing on April 29, 2019 to consider the Settlement and Class Counsel's request for an award of attorneys' fees of up to one-third of the settlement amount, plus expenses, as well as an incentive award for the Plaintiff of up to $2,000. You do not have to attend this hearing.  If you want your own lawyer you may hire a lawyer to speak for you at the hearing.

**Your legal rights are affected whether you act or do not act.** You may be giving up your right to start a lawsuit about the legal issues resolved by the Settlement against the Defendants and anyone else from whom you may have purchased one of the Subject Products. Please visit www.sulfatesettlement.com for further details on how to file a claim, exclude yourself, or object.

DATED:  January 18, 2019.

# EXHIBIT 4

Settlement Administrator
P.O. Box 404000
Louisville, KY 40233-4000

2D

**LEGAL NOTICE**

▯▯▮▮▯▯▮▮▯▯▯▯
Postal Service: Please Do Not Mark Barcode

S3M-<<Claim8>>-<<CkDig>>

Claim ID: <<Claim8>>
See other side for details

Access Code: <<PinCode>>

«FirstNAME» «LastNAME»
«ADDR1» «ADDR2»
«CITY», «STATE» «ZIP»
«FCOUNTRY»

**S3M**

United States District Court for the District of Massachusetts
*Crane v. Sexy Hair Concepts, LLC, et al.*
Case No. 17-cv-10300

**A court has authorized this notice. This is not a solicitation from a lawyer.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHT TO PARTICIPATE IN OR OBJECT TO A PROPOSED SETTLEMENT OF THE LITIGATION LISTED ABOVE MAY BE AFFECTED.**

A $2.33 million Settlement has been reached in a class action lawsuit claiming that Sexy Hair Concepts, LLC ("SHC") marketed and sold certain products that were represented to be free of sulfates and/or salts but that may have contained sulfates and/or salts ("Subject Products"). SHC contends that any sulfates or salts in these Subject Products were by-products of another ingredient and were different from the sulfates and salts that SHC intentionally eliminated from the products. SHC contends that the sodium sulfate and salt that may have been in the product are not harmful in any way.

**Why am I receiving this notice?** You are receiving this notice because a retailer's records indicate that you may have purchased certain SHC products between November 19, 2012 and the present, and your purchase makes you a Class Member eligible to receive a cash payment upon the submission of a valid Claim Form.

**What does the Settlement provide?** The Settlement creates a fund of $2.33 million. Each Class Member who files a valid and timely claim form will be eligible to receive a cash payment. Class Members who submit a valid claim form may receive $6.00 per purchase of Subject Products. A claim form is available at www.sulfatesettlement.com. To receive the maximum settlement cash benefit, use the claim code provided on the other side when you submit a claim form either online or by mail.

**What are my options?** To receive a cash payment, **you must mail or submit online a completed claim form by March 20, 2019.** If you do not wish to participate in the Settlement, you may exclude yourself by March 20, 2019, or you may object to the Settlement by March 20, 2019. The specific details for filing an exclusion or objection are in the detailed notice available at www.sulfatesettlement.com. The Court will hold a hearing on April 29, 2019 to consider the Settlement and Class Counsel's request for an award of attorneys' fees of up to one-third of the settlement amount, plus expenses, as well as an incentive award for the Plaintiff of up to $2,000. You do not have to attend this hearing. If you want your own lawyer, you may hire a lawyer to speak for you at the hearing.

**Your legal rights are affected whether you act or do not act.** You may be giving up your right to start a lawsuit about the legal issues resolved by the Settlement against the Defendants and anyone else from whom you may have purchased one of the Subject Products. Please visit www.sulfatesettlement.com for further details on how to file a claim, exclude yourself, or object.

DATED:  January 21, 2019.

# EXHIBIT 5





*Molly Crane v. Sexy Hair Concepts, LLC et al.: 728x90*
Placement: Markets.BusinessInsider.com
Case 1:17-cv-10300-FDS   Document 97-2   Filed 02/19/19   Page 27 of 44





*Molly Crane v. Sexy Hair Concepts, LLC et al.; 728x90*
Placement: FoxNews.com
Case 1:17-cv-10300-FDS   Document 97-2   Filed 02/19/19   Page 28 of 44





























*Molly Crane v. Sexy Hair Concepts, LLC et al.: 300x600*
Placement: Reddit.com
Case 1:17-cv-10300-FDS   Document 97-2   Filed 02/19/19   Page 35 of 44





















*Molly Crane v. Sexy Hair Concepts, LLC et al.: 728x90*
Placement: Weather.com
Case 1:17-cv-10300-FDS   Document 97-2   Filed 02/19/19   Page 40 of 44





# WIDESPREAD SUBZERO COLD AHEAD



THE LATEST FORECAST

## Coldest Arctic Outbreak in 2 Decades is Coming

Wind chills in the -30s, -40s, -50s, even -60s are possible

Midwest Cities Will be Colder Than Antarctica

It's Not Just Cold Temps You Have to Worry About

Car Spinning on Icy Road Clips Deputy's Vehicle

Super Bowl Week in Atlanta: Here's Our Forecast

Five Years Ago Atlanta Came to a Standstill



Winter Storm Jayden: Where to Expect the Worst



Jayden: Hundreds of Flights Canceled, Schools Closed



Winter Storm to Bring Snow and Ice to the South



Teen Found Dead After Disappearing in Winter Storm



Ad

If you bought certain sexyhair® shampoo or conditioner products that were labeled sulfate free or salt free, you could get $6 or more from a class action settlement.

File a Claim

www.sulfatesettlement.com













