# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MOLLY CRANE, individually and on behalf of all other persons similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 17-10300-FDS |
| SEXY HAIR CONCEPTS, LLC, ULTA SALON COSMETICS & FRAGRANCE, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

## FINAL JUDGMENT AND ORDER APPROVING CLASS SETTLEMENT AND CERTIFYING THE CLASS

This matter came before the Court for hearing pursuant to this Court's Order Preliminarily Approving Class Settlement and Certifying the Class dated November 14, 2018 ("Preliminary Approval Order"), on the application of the Parties[1] for approval of the Settlement among plaintiff Molly Crane ("Plaintiff"), on behalf of herself and the Class, and defendant Sexy Hair Concepts, LLC ("SHC"). The Court having considered all papers filed and proceedings held herein, and having received declarations attesting to the mailing of the notice and the publication of the long-form notice on the Settlement Website in accordance with the Preliminary Approval Order, and good cause appearing therefor,

**IT IS HEREBY ADJUDGED, DECREED, AND ORDERED:**

**I.  JURISDICTION AND VENUE**

1. The Court has jurisdiction over the subject matter, the parties to this proceeding,

---

[1] Capitalized terms not defined in this order have the meanings set forth in the Settlement.

and all Class Members, pursuant to 28 U.S.C. § 1332.

2. Venue is proper in this District.

## II. FINAL CERTIFICATION OF THE CLASS

3. The Court finds that the requirements of Fed. R. Civ. P. 23 are satisfied and that certification of the proposed Class is appropriate. The Court therefore grants final certification of the following Class (which includes terms defined in the Settlement):

> All purchasers of any of the Subject Products as defined below during the period between November 19, 2002 through the Effective Date (defined below), excluding any purchases made for purposes of resale. Excluded from the Class are (i) those Class Members who have previously resolved their claims through return of product, settlement, or final judgment, (ii) all persons who are officers or directors of Defendant, and (iii) Judges of the Court.

4. The Class excludes those persons who timely and validly filed requests for exclusion from the Class pursuant to the notice and as provided in the Court's Preliminary Approval Order. A list of such persons who have filed timely, completed, and valid requests for exclusion from the Class is attached hereto as Exhibit 1. The persons identified in Exhibit 1 are not bound by this final judgment or the terms of the Settlement, and may pursue their own individual remedies against the Released Parties. Such persons are not entitled to any rights or benefits provided to Class Members by the terms of the Settlement.

5. The Court finds that the Class satisfies the following requirements under Fed. R. Civ. P. 23:

(a) the members of the Class are so numerous that joinder of all members is impracticable;

(b) there are questions of law and fact common to the Class;

(c) the claims and defenses of the Plaintiff are typical of the Class;

(d) the Plaintiff and Class Counsel will fairly and adequately protect the interests of the Class; and

(e) the Action satisfies the requirements of Fed. R. Civ. P. 23(b)(3) in that there are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### III. FINAL APPROVAL OF THE SETTLEMENT

6. Pursuant to Fed. R. Civ. P. 23(e), this Court finds that the Settlement is, in all respects, fair, reasonable, and adequate, and is in the best interests of all Class Members, for the following reasons: ***First,*** the Parties negotiated the Settlement fairly and honestly at arms' length and with the assistance of an experienced mediator and experienced counsel. ***Second,*** serious questions of law and fact exist, as reflected in Defendants' motions to dismiss the case, and their affirmative defenses asserted in their answers to the complaint. ***Third,*** an immediate recovery is valuable to the Class, given the potential need for protracted litigation to resolve all factual and legal disputes among the Parties. ***Fourth***, the Parties have offered their reasoned and well-supported judgment that the settlement is fair and reasonable to the Class.

7. The Court also finds that the plan for distribution of the Net Settlement Amount, as set forth in the Settlement, is fair and equitable. The Settlement Administrator shall perform the distribution to Class Members following the process set forth in Section IV of the Agreement without further order of this Court.

8. The Court therefore finally approves the Settlement, and the exhibits appended to that Settlement, as fair, reasonable, and adequate.

### IV. ADEQUACY OF NOTICE

9. The Court finds that the Class members have been given due and adequate notice of the Settlement and Class Counsel's application for attorneys' fees and request for an Incentive Award for the Plaintiff, in the manner directed by this Court's Preliminary Approval Order.

10. The Court further finds that the notice program approved in the Court's Preliminary

Approval Order and implemented in accordance with that Order was the best practicable under the circumstances. The notice program was reasonably calculated under the circumstances to apprise the Class of (a) the pendency of the Action; (b) the Court's preliminary certification of the Class; (c) the terms of the Settlement and the Class Members' rights to opt-out of the Class or to object to the Settlement; (d) and the maximum amounts of Class Counsel's expected application for attorneys' fees and request for an Incentive Award for the Plaintiff. The notice program provided sufficient notice to all persons entitled to notice. The notice program satisfied all applicable requirements of law, including Fed. R. Civ. P. 23 and the constitutional requirement of Due Process.

## V.  ATTORNEYS FEES AND INCENTIVE AWARD

11. This Court hereby awards Class Counsel attorneys' fees in the amount of $750,000, which is equal to approximately 32.2% of the Gross Settlement Amount, plus reimbursement of their out-of-pocket expenses in the amount of $6,482.40. The Court finds the amount of attorneys' fees and costs awarded herein is fair and reasonable based on: (a) the work performed and costs incurred by Class Counsel; (b) the complexity of the case; (c) the risks undertaken by Class Counsel and the contingent nature of their employment; (d) the quality of the work performed by Class Counsel in this Action and their standing and experience in prosecuting similar class action litigation; (e) awards to successful plaintiff' counsel in other, similar litigation; (f) the benefits achieved for Class Members through the Settlement; and (g) the absence of any objections from any Class Members to either the application for an award of attorneys' fees or reimbursement of expenses to Class Counsel. It also represents an amount that was negotiated by the parties. The Court also finds that the requested reimbursement of expenses is proper as the expenses incurred by Class Counsel were reasonable and necessary in the prosecution of this Action on behalf of Class Members.

12. In accordance with the Settlement, the Settlement Administrator shall pay from the Administration Account to Class Counsel all Court-approved attorneys' fees, costs, and expenses of Class Counsel within thirty days of the Effective Date.

13. All payments of attorneys' fees and reimbursement of expenses to Class Counsel in this Action shall be made from the Gross Settlement Amount, and the Released Parties shall have no liability or responsibility for the payment of Class Counsel's attorneys' fees or expenses except as provided in the Settlement.

14. This Court also hereby awards to Plaintiff an Incentive Award of $2,000. The Court finds the amount of the Incentive Awards is fair and reasonable based upon her service as class representative on behalf of the Class.

14A. The Court authorizes disbursement of $430,000 to the Settlement Administrator, Kurtzman Carson Consultants, to be paid no later than thirty days after the Effective Date, to compensate the Settlement Administrator for the tasks performed in connection with class notice and administration of the Settlement, as set forth in the Settlement Agreement, the Preliminary Approval Order, and this Order.

## VI. RELEASES AND FINAL JUDGMENT

15. Pursuant to Fed. R. Civ. P. 23(c)(3), all Class Members who have not filed timely, completed, and valid requests for exclusion from the Class are Class Members who are bound by this final judgment and by the terms of the Settlement.

16. The Released Parties are hereby released and forever discharged from any and all of the Released Claims. All Class Members are hereby forever barred and enjoined from asserting, instituting, or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Released Parties. All Class Members are hereby forever barred and enjoined from taking any action in violation of this provision.

17. Neither the Settlement nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (b) may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) may be admissible in any proceeding except an action to enforce or interpret the terms of the Settlement or any other documents executed in connection with the performance of the agreements embodied therein. The Released Parties may file the Settlement and/or this final judgment and order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith Settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11.

19. Without affecting the finality of this Final Judgment in any way, this Court hereby reserves and retains continuing jurisdiction over: (a) implementation and enforcement of any award or distribution from the Gross Settlement Amount (b) disposition of the Gross Settlement Amount or Net Settlement Amount, including *cy pres* distribution of any funds remaining at the completion of the distribution to Class Members; (c) payment of taxes from the Administration Account; (d) all parties hereto for the purpose of construing, enforcing, and administering the Settlement; and (e) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

20. This Court finds, for purposes of Fed. R. Civ. P. 54(b), that there is no just reason

for delay and expressly directs entry of judgment as set forth herein.

**So Ordered.**

                                          /s/ F. Dennis Saylor
                                          F. Dennis Saylor IV

Dated: May 14, 2019                    United States District Judge